APHORESMENOS v. McINTOSH.

1. MASTER AND SERVANT—UNSAFE PLACE—DISOBEYING ORDERS.
   A decedent who had been ordered, in the process of wrecking a building, to dig a trench and not to dig below the footings, but who went too deep, causing the concrete wall adjacent to it to tilt towards him, was guilty of negligence barring his recovery for injuries that he sustained, and without some affirmative proof that he misunderstood

orders, because of his ignorance of the English language, his estate could not recover on the theory of failure to provide a safe place.

2. Same—Exceptions to Rule of Safe Place.

Where the servant is engaged in making his own place to work, or where he creates a dangerous situation as an incident of the work he is doing, the master is not chargeable with failure to provide a safe place. And there was no occasion to warn deceased of a danger which could only arise from disobedience of the employer's instructions.

3. Witnesses—Evidence—Cross-Examination.

The fact that defendant was called for cross-examination under Act No. 307, Pub. Acts 1909, did not, where there was no contradictory evidence, deprive his testimony of its weight, but it was entitled to the same force or effect as it would have had if he had been called as a witness in his own behalf.

Error to Muskegon; Sullivan, J. Submitted April 20, 1914. (Docket No. 83.) Decided January 3, 1916.

Case by Christ Aphoresmenos, as administrator of the estate of Frank Aphoresmenos, deceased, against Alexander McIntosh, for injuries resulting in the death of plaintiff's decedent. Judgment for defendant on a verdict directed by the court. Plaintiff brings error. Affirmed.

*Turner & Turner,* for appellant.

*Cross, Vanderwerp, Foote & Ross,* for appellee.

Bird, J. Defendant was engaged at Muskegon in the work of razing an old brick and cement building preparatory to the erection of a new one. The brick had been removed, leaving a cement wall and a footing upon which it rested. The wall and footing together were from three to five feet in height. The wall was one foot thick, and the footing was two feet

thick. The process of removing the cement was to dig a trench along the outer wall to the depth of the footing, and then break up the concrete and roll the pieces into the trench. Plaintiff's intestate was employed as a common laborer, and was set to work by the foreman digging the trench. He and his companion dug it below the footing, which caused the concrete to tilt to an angle of 45 degrees toward him. Presumably in an effort to protect himself, when he observed the concrete moving toward him, he placed his shovel blade against the concrete and the handle against himself, and he was thereby forced against the outer wall of the trench and injured so badly that he died the second day thereafter.

Defendant was charged with negligence in failing to provide a safe place for plaintiff to work. After the trial judge had heard the plaintiff's proofs, he directed a verdict for the defendant, on the ground that the doctrine of safe place was not applicable to the facts proven, and because plaintiff assumed the risk. The assignments of error raise the one question whether the trial court was in error in controlling the verdict.

The trial court was of the opinion that the rule of safe place was not involved, inasmuch as the plaintiff was engaged in making his own place in which to work. The general rule is well settled that a master must at his peril provide his servants with a reasonably safe place in which to work, but there are exceptions to that rule. Where the unsafe place is made by the servant himself, or where the unsafe place is created as an incident of the work being performed by the servant and his colaborer, the master is not liable. *Petaja* v. *Mining Co.,* 106 Mich. 463 (64 N. W. 335, 66 N. W. 951, 32 L. R. A. 435, 58 Am. St. Rep. 505) ; *Welch* v. *Brainard,* 108 Mich. 38 (65 N. W. 667) ; *Livingstone* v. *Plate Glass Co.,* 146 Mich. 236

(109 N. W. 431) ; *Strepanski* v. *Plaster Co.*, 162 Mich. 696 (127 N. W. 706).

The uncontradicted testimony is that the deceased and his colaborer were instructed by the defendant to dig the trench no deeper than the footing, and, had the instructions been followed, the concrete would not have tilted over toward him. The place was reasonably safe until it was made unsafe by disobeying the orders of the master. Under such circumstances the plaintiff is in no position to insist that his intestate received his injuries through the negligence of the master. Plaintiff's intestate was of foreign birth, and did not readily speak and understand our language, and it is urged that it was not made clear to him what the instructions and dangers were. It appears that the deceased had worked as a common laborer for the defendant for two weeks or more, and it does not appear that he had had any difficulty in understanding defendant's orders, and it does not appear that either he or his colaborer failed to understand defendant's orders on this occasion. And there was no occasion for defendant to warn the deceased of dangers which could arise only by disobeying his instructions. We agree with the trial court that the case falls within the principle of the cases cited, and that no negligence was shown upon the part of the defendant.

Plaintiff's counsel called defendant for cross-examination under Act No. 307, Pub. Acts 1909. After giving testimony at length upon the material phases of the case, which testimony was not afterward contradicted, counsel assert that the plaintiff is not bound by it. Testimony developed in this manner may be contradicted and overcome by other testimony, but its effect cannot be destroyed or put aside by mere assertion. Defendant's testimony so developed stood in no different position in the case than it would had it been

called out by cross-examination after he had taken the stand in his own behalf.

The judgment is affirmed.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.