MILLER *v.* BEASLEY.

SAME *v.* SAME.

1. MOTOR VEHICLES—NEGLIGENCE—GREAT WEIGHT OF EVIDENCE.
   In action for damages caused by automobile collision, verdict for plaintiffs *held*, not against great weight of evidence, although testimony of parties is flatly contradictory.

2. WITNESSES—CROSS-EXAMINATION BY OPPOSITE PARTY—CREDIBILITY INVOLVED.
   Credibility of defendant, called by plaintiffs for cross-examination, is point material to issues involved (3 Comp. Laws 1929, § 14220).

3. APPEAL AND ERROR—ORDER OF QUESTIONS IN CROSS-EXAMINATION.
   Where defendant was called by plaintiffs for cross-examination, questioning him as to particular act of immorality, as affecting his credibility, before interrogating him on issues of case, while not good order, was not prejudicial error.

4. Trial—Contradictory Testimony.

Although witness' testimony was so contradictory as to be of little value, court's refusal to strike it, and permitting it to stand for what it was worth, was not error.

5. Appeal and Error—Trial—Instructions—Burden of Proof—Charge Considered as Whole.

Failure of court to instruct as to burden of proof in connection with statement of plaintiff's claim for damages is not reversible error, where not covered by any assignment, and especially where burden of proof was sufficiently covered in charge as whole.

6. Same—Damages—Harmless Error.

Error, if any, in charge relative to plaintiff's damages, which was as to amount only, was not prejudicial, where recovery was considerably less than plaintiff's undisputed monetary loss.

Error to Ingham; Collingwood (Charles B.), J. Submitted April 17, 1931. (Docket Nos. 143, 144, Calendar Nos. 35,603, 35,604.) Decided June 1, 1931.

Separate actions of case by Ellen G. and Walter H. Miller against James F. Beasley for personal injuries arising out of an automobile collision. Cases were consolidated by stipulation before hearing. Judgments for plaintiffs. Defendant brings error. Affirmed.

*Michael E. Norris* and *Shields, Silsbee, Ballard & Jennings,* for plaintiffs.

*Kelley, Sessions & Warner,* for defendant.

Clark, J. These consolidated cases, in which the plaintiffs are husband and wife, are for damages for injuries sustained in a nearly head-on collision of automobiles, one owned and driven by plaintiff

Walter H. Miller, with whom the other plaintiff was riding, and the other owned and driven by defendant, James F. Beasley. The accident occurred in the daytime, on December 27, 1929, on a 20-foot paved trunk line in Lenawee county. There were no other witnesses of the accident.

Mr. Miller had verdict and judgment for $2,500, and Mrs. Miller for $4,500. Defendant brings error.

1. Verdicts are urged to be against the great weight of the evidence. The testimony of the parties is flatly contradictory as to cause of the collision. The chief point of controversy is the condition of the highway as to snow. Plaintiffs testified, and they are supported by other evidence, that the road was largely free from snow and opened for its full width. Defendant testified the road was opened but partially, that the snow had been plowed only on his right side, leaving a way, in which the collision occurred, about 10 feet wide, with snow of considerable depth on each side. In this he is supported by other credible testimony. His version of the cause of the accident is that the Miller car was driven into this narrow rutted way and not under proper control. Plaintiffs say their car was stopped on their right side of the road, and that defendant drove at high speed without having his car under control.

On review of the whole case, we cannot say that defendant is supported by, and that the verdicts are against, the great weight of the evidence.

2. Defendant was called by plaintiffs for cross-examination, and, after a few preliminary questions, was asked if he had not been guilty of a named act of immorality the night before. Over objection answer was taken. Counsel do not contend the testimony was not admissible (*People* v.

*Cutler,* 197 Mich. 6), but complain of receiving it on cross-examination and of order of proof. Of cross-examination under this statute, 3 Comp. Laws 1929, § 14220, it was said in *Waller* v. *Sloan,* 225 Mich. 600:

"What does the statute mean in giving 'the right to cross-examine such witness the same as if he were called by the opposite party.' The so-called 'orthodox rule,' extending the right of cross-examination to all points material to issues involved, and not limiting it to matters brought out on direct-examination, has ever prevailed in this State. *People* v. *Barker,* 60 Mich. 277 (1 Am. St. Rep. 501), and cases there cited. The legislature was aware of this rule and employed the term 'cross-examine' advisedly. It must be remembered in considering cases upon the right to cross-examine that the Michigan rule does not prevail in a majority of the States."

Credibility of defendant called to testify as a witness was a "point material to the issues involved." That plaintiff's counsel thus questioned him before he interrogated him on the issues of the case was not good order. But that the questioning was at the opening instead of at the conclusion of the cross-examination will not be held to be prejudicial error.

3. A witness for plaintiffs testified he was employed by the county road commission and in charge of the highway in question, and he testified respecting snow removal at the time in question. Examination several times by counsel on both sides produced such confusion and contradiction in his testimony that it is of little value. The court declined to strike it, permitted it to "stand for what it is worth." In this he was not in error. *Goonen* v. *Railroad Co.,* 218 Mich. 502.

4. The trial judge in his charge stated Mrs. Miller's claim for damages and that she had a right to make such claim.· This statement is not erroneous. Counsel contend the jury should have been instructed also that she must establish her claim for future consequences of her injuries by a preponderance of the evidence, and may recover only such damages as are reasonably certain to result from the injuries. This point is not covered by an assignment of error. Moreover, the matter of burden of proof may be held to have been sufficiently covered in the charge as a whole, and there is no dispute that Mrs. Miller was painfully and permanently injured. *Woodworth* v. *Railway Co.*, 170 Iowa, 697 (149 N. W. 522). For these reasons, error is not found.

5. Complaint is made of the instruction relative to damages claimed by Mr. Miller, but it goes only to amount. In view of the fact that he recovered considerably less than his actual undisputed monetary loss, the error, if any, is without prejudice.

Other questions are discussed by counsel, but, considered, do not call for reversal.

Judgments affirmed.

BUTZEL, C. J., and McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred with CLARK, J. WIEST, J., concurred in the result.