SPILLMAN *v.* WEIMASTER.

1. APPEAL AND ERROR—LAW OF THE CASE—CONTRIBUTORY NEGLI-
GENCE.

Testimony in second trial held after case was reversed for error
in first trial *held*, so closely similar with respect to issue of
contributory negligence as to render applicable same rule with
respect to such issue in former trial.

2. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—EVIDENCE—QUESTION
FOR JURY.

Issue of contributory negligence in action under survival act,
arising out of collision between car in which plaintiff's de-
cedent was riding and defendant's truck train, *held*, properly
submitted to jury under record disclosing contradictory evi-
dence (3 Comp. Laws 1929, § 14040).

3. WITNESSES—CROSS-EXAMINATION BY OPPOSITE PARTY—CREDIBIL-
ITY.

Credibility of defendant's employee, called by plaintiff, is a
point material to issues involved (3 Comp. Laws 1929,
§ 14220).

4. SAME—CROSS-EXAMINATION OF EMPLOYEE BY OPPOSITE PARTY—
IMPEACHMENT.

In action under survival act, which arose out of collision between
car in which plaintiff's decedent was riding and trailer por-
tion of truck train owned by defendant and operated by his
employee, an eyewitness called under the statute, cross-examina-
tion of such witness not only as to how accident happened
but also as to certain admissions made by him subsequent to
the accident and admission of testimony to contradict him
*held*, not error (3 Comp. Laws 1929, §§ 14040, 14220)..

Appeal from Kalamazoo; Weimer (George V.),
J. Submitted January 13, 1937. (Docket No. 72,.
Calendar No. 39,304.) Decided March 1, 1937.

Case, under survival act, by Martha Spillman, administratrix of the estate of William Spillman, deceased, against Earl H. Weimaster, doing business as E. H. Weimaster Truck Company, for personal injuries sustained in an automobile collision causing death of plaintiff's decedent. From verdict and judgment for plaintiff, defendant appeals. Affirmed.

*John A. Sbarbaro* and *Howard, Howard & Howard,* for plaintiff.

*Mason, Sharpe & Stratton,* for defendant.

SHARPE, J. This cause was before this court in *Spillman* v. *Weimaster,* 275 Mich. 93, where a more detailed statement of the facts may be found. The record on the second trial shows that about midnight on September 1, 1934, William Spillman was riding in the rear seat of an automobile, traveling in a northerly direction on US–12 a short distance north of the village of Union Pier, which collided with the left front corner of the trailer portion of a trucking outfit owned by defendant and being driven by his employee Oscar Carlson. The air was somewhat misty. The tractor and trailer was proceeding in a southerly direction over a pavement 20 feet wide, with graveled edges. As a result of the collision William Spillman was severely injured and died about six hours later. Plaintiff brought the present action under the survival act (3 Comp. Laws 1929, § 14040) as administratrix of his estate. A jury trial was had and a verdict found in favor of plaintiff. At the close of all proofs, defendant made a motion for a directed verdict on the ground that plaintiff was guilty of contributory negligence as a matter of law. This motion was denied and a mo-

tion for judgment notwithstanding the verdict was also denied.

Defendant appeals and contends that plaintiff was guilty of contributory negligence as a matter of law; and that wrongful use of the statute was made in the cross-examination of an agent or employee of the opposite party.

On the question of contributory negligence of the plaintiff, the testimony produced by plaintiff is that Louis Horwitz, the driver of the car in which plaintiff's decedent was riding, first saw the defendant about 1,000 feet away; that at that time Horwitz paid no particular attention to defendant's truck; that when the truck was about 10 feet from Horwitz's car, Horwitz noticed that the truck was partly on the east or wrong side of the road and was approaching his car; and that Horwitz immediately turned his car to the right and nearly off of the road, but not soon enough to miss the trailer part of defendant's outfit. The defendant denied this testimony. The testimony in this cause is so similar to that produced upon the first trial in relation to this phase of the accident that the rule stated in our former opinion, 275 Mich. 93, 99 applies herein:

"Defendant contends that the trial court should have granted his motion for a directed verdict, which was based upon his claim that plaintiff's decedent's driver was guilty of contributory negligence. The record discloses contradictory evidence relative thereto, which raises an issue of fact. Therefore the court quite properly submitted such contradictory facts to the jury. *Harding* v. *Blankenship,* 274 Mich. 118; *Flynn* v. *Kramer,* 271 Mich. 500; *Degens* v. *Langridge,* 214 Mich. 573, and cases cited therein."

See, also, *Torbert* v. *Smith's Estate,* 250 Mich. 62; *National Liberty Ins. Co.* v. *Foth,* 254 Mich. 152.

Plaintiff called Oscar Carlson, the driver of defendant's tractor and trailer, under the statute and he was fully examined, not only as to how the accident happened but also as to certain admissions made by him subsequent to the accident. The statute, 3 Comp. Laws 1929, § 14220, provides:

"Hereafter in any suit or proceeding in any court of law or equity in this State, either party, if he shall call as a witness in his behalf, the opposite party, employee or agent of said opposite party, or any person who at the time of the happening of the transaction out of which such suit or proceeding grew, was an employee or agent of the opposite party, shall have the right to cross-examine such witness the same as if he were called by the opposite party; and the answers of such witness shall not interfere with the right of such party to introduce evidence upon any issue involved in such suit or proceeding, and the party so calling and examining such witness shall not be bound to accept such answers as true."

In *Waller* v. *Sloan,* 225 Mich. 600, we said:

"The purpose of the statute is to level former technical rules and to get at the facts in issue. * * *

"The so-called 'orthodox rule' extending the right of cross-examination to all points material to issues involved, and not limiting it to matters brought out on direct examination, has ever prevailed in this State. *People* v. *Barker,* 60 Mich. 277 (1 Am. St. Rep. 501), and cases there cited. The legislature was aware of this rule and employed the term 'cross-examination' advisedly. It must be remembered in considering cases upon the right to cross-examine that the Michigan rule does not prevail in a majority of the States."

In *Miller* v. *Beasley,* 255 Mich. 15, we said:

"Credibility of defendant called to testify as a witness was a 'point material to the issues involved.' "

In the case at bar, plaintiff attempted to impeach defendant's employee by referring to his testimony given at a previous trial and by statements made by him before the coroner and at other times. This employee was one of the witnesses who saw the accident. His credibility was material to the issues involved. Plaintiff was within his rights under the statute in calling him for cross-examination, nor was it error to receive testimony offered for the purpose of contradicting the testimony of the witness Carlson.

The judgment of the lower court is affirmed. Plaintiff may recover costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, POTTER, and CHANDLER, JJ., concurred.