## PETROSKY *v.* DZIURMAN.

1. EVIDENCE—STATUTORY PRESUMPTION—REBUTTAL—QUESTION FOR JURY.
    There must be clear, positive, and credible rebutting evidence opposing a statutory presumption in order to eliminate it from consideration, otherwise the question of whether such presumption has been overcome should be settled by the jury under proper instructions.

2. SAME—OPPOSITE PARTY AS WITNESS.
    The plaintiff is not bound by the testimony of the opposite party whom he has called for cross-examination, where there is other evidence which directly disputes it (CL 1948, § 617.66).

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial §§ 185–187.
[2, 6] 58 Am Jur, Witnesses §§ 796, 797.
[3] 53 Am Jur, Trial § 350.
[4] 53 Am Jur, Trial § 401.

3. TRIAL—MOTION FOR DIRECTED VERDICT—TESTIMONY OF OPPOSITE
   PARTY WITNESS TREATED AS A WHOLE.

   The trial court in determining issue presented by a motion for
   a directed verdict in a case where the plaintiff has called the
   defendant as a witness may not select isolated portions thereof
   and claim a force and effect for such portions of his testimony
   which the whole of his testimony does not warrant but such
   opposite party's testimony as a witness must be treated as a
   whole (CL 1948, § 617.66).

4. AUTOMOBILES—REAR-END COLLISION—STATUTORY PRESUMPTION—
   DEFENDANT AS OPPOSITE PARTY—CREDIBILITY.

   Evidence presented by defendant when called as an opposite
   party in action arising out of a rear-end collision *held*, merely
   circumstantial and not the clear, positive, and credible evidence
   necessary to rebut the statutory presumption in view of other
   contradictory proofs raising a serious question as to the cred-
   ibility of defendant's testimony, hence, it was error to direct
   a verdict for defendant (CLS 1956, § 257.402; CL 1948,
   § 617.66).

5. SAME—REAR-END COLLISION—CREDIBILITY.

   A question was presented for consideration by jury in action
   arising out of rear-end collision on wet pavement, where im-
   mediately after the accident defendant said nothing about a
   brake failure either to plaintiff or investigating police officers,
   but claimed there was such failure at the trial, where he also
   testified he drove 20 miles from the collision to his home, he
   had had regular inspection of and attention to his brakes
   and had consumed 3 bottles of beer at the race track where
   he had spent the afternoon prior to accident, there being a
   serious question as to the credibility of his testimony (CLS
   1956, § 257.402).

   Per CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS,
   OTIS M. SMITH, and ADAMS, JJ.

6. WITNESSES—TESTIMONY OF OPPOSITE PARTY.

   Testimony on cross-examination of the opposite party, called un-
   der the statute, stands in no different position than it would
   if the adversary of the party calling the witness had called
   the witness, since the statute makes the witness subject to
   cross-examination by the opposite party without qualification,
   although it does not give the right to make such witnesses the
   witnesses of the adversary of the party calling them; the stat-
   ute also providing that the party calling such opposite party

as a witness shall not be bound by, and may contradict, such testimony (CL 1948, § 617.66).

Per BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ.

Appeal from Macomb; Noe (Alton H.), J. Submitted April 6, 1962. (Docket No. 35, Calendar No. 49,158.) Decided September 10, 1962.

Case by Harold Petrosky and General Accident, Fire & Life Assurance Corporation, Ltd., his subrogee, against Michael Dziurman for personal injuries and property damage resulting from rear-end automobile collision. Directed verdict and judgment for defendant. Plaintiffs appeal. Reversed and remanded for new trial.

*Harry T. Ward, Jr.,* and *Albert Lopatin,* for plaintiffs.

*Ward, Plunkett & Cooney* (*John D. Peacock,* of counsel), for defendant.

KAVANAGH, J. Plaintiffs—Harold Petrosky and his subrogee, the General Accident, Fire & Life Assurance Corporation, Ltd.—appeal from the trial court's order granting a motion by defendant for directed verdict.

The record discloses the following facts: On June 25, 1958, at about 5 p.m., plaintiff Petrosky and defendant were both traveling in a westerly direction on Five Mile road in the township of Redford, Wayne county. The weather was hazy; the pavement was wet. Plaintiff stopped for a traffic light at the intersection of Five Mile road and Beech Daly road. He was facing west behind another vehicle, waiting for the light to change. He observed defendant's vehicle approaching about 150 to 200 feet behind, but paid no attention to it, believing defendant would stop.

Plaintiff's vehicle was struck in the rear by defendant's vehicle and plaintiff was rendered unconscious by the force of the collision.

After the plaintiff regained consciousness, he asked defendant what had happened. Defendant stated, "I slid into you." Nothing was said at that time about any brake failure.

The Redford township police department was called to investigate the accident. Defendant testified he told the police his brakes wouldn't grab. However, plaintiffs' exhibit 16, which is defendant's statement in his own handwriting to the police at the scene of the accident stated, *"Step on brake— brake did grab."*

The officer who investigated the accident testified that if defendant had told him of brake failure, he would not have permitted defendant to drive his car from the scene of the collision. The officer also testified defendant had been drinking.

Defendant testified he had spent the afternoon at the Detroit race track, had consumed 3 bottles of beer, watched 3 races, and left the track about 4:30 p.m. After leaving the track, defendant drove to a friend's home to borrow money, but did not find his friend at home. He then decided to try to borrow from someone else and was on his way to the other person's home when he struck plaintiff's automobile.

Defendant also testified that his story of how he got home from the accident was hard to believe, but that following the accident he got in his car and drove it without any brakes from the scene of the collision to Center Line, Michigan, a distance of over 20 miles; that the next day he tried to start his car to drive it to a garage and it failed to start; that he had it towed to a garage for repairs.

The special defense of brake failure was not raised or pleaded for approximately 1-1/2 years after the accident. No evidence of brake failure was

offered by an expert witness, nor was there any other testimony or evidence presented corroborating defendant's testimony.

At the close of plaintiffs' proofs, the trial judge directed a verdict for defendant.

The trial judge in his opinion granting the motion for directed verdict found that the presumption of the statute* with reference to a rear-end collision was in plaintiffs' favor at the conclusion of plaintiffs' testimony. He found that plaintiffs, having called defendant under the statute for examination, were bound by that testimony. The court concluded defendant's testimony indicated he was free from negligence. The court said:

·"Now, he (the plaintiff) could have by simply resting, without anything more, had the benefit of the presumption and then placed the burden on the defendant to show that the brake failure was the reason for overcoming a presumption, and the case could have gone to the jury on that theory. But the theory is no longer present. It is no longer possible to say that the burden is on the defendant to show this affirmative defense because the plaintiff has accepted that as a part of his case and has made it a part of his case and is bound by the testimony. As I see it, there has been nothing to show anything to the contrary."

Defendant's statement on cross-examination was that he had been using his brakes just prior to the collision and had no reason to suppose they would not hold when normally applied; that he had his brakes lined about 8 months before and had them checked periodically when he had his battery checked. This the court apparently considered as evidence of defendant's freedom from negligence.

---

* See PA 1949, No 300, § 402 (CLS 1956, § 257.402, Stat Ann 1960 Rev § 9.2102).—REPORTER.

Plaintiffs appeal, claiming that a jury question was raised in this case from defendant's own testimony of his actions.

The stated question on appeal is:

"Is the uncorroborated testimony of the defendant regarding an alleged brake failure sufficient to rebut the statutory presumption of prima facie negligence in a rear-end collision so as to entitle the defendant to a directed verdict at the close of the plaintiffs' proofs?"

The rule applicable to the elimination of a statutory presumption as a matter of law from the jury's consideration is set forth in *Garrigan* v. *LaSalle Coca-Cola Bottling Co.*, 362 Mich 262, where Justice SOURIS, writing the majority opinion for this Court said (p 264):

"When the trial court undertakes to eliminate a statutory presumption as a matter of law from the jury's consideration, at the very least there must be clear, positive, and credible evidence *opposing* the presumptions. (Citing cases.)"

Justice BLACK in a concurring opinion in *Garrigan* traced the history of this evidentiary question and concluded that this Court has apparently settled in favor of the rule of *Gillett* v. *Michigan United Traction Co.*, 205 Mich 410, that an applicable presumption vanishes or does not vanish depending on jury appraisal of testimony which assertedly and possibly has rebutted the presumption. Justice BLACK said (p 270):

"When the judge, presiding at jury trial of a negligence case, assumes to instruct that an admittedly applicable presumption has vanished, he should have before him 'direct, positive and credible rebutting evidence' on the basis of which he really may pronounce death sentence for the presumption. Otherwise the question whether such presumption

has been overcome should be settled—on proper instruction of course—in the jury room."

Justice CARR, in his dissenting opinion in the *Garrigan Case,* said (p 283):

"We are not confronted by a situation in which the proofs were merely circumstantial or of such nature as to raise a serious question as to their credibility."

The rule of law is equally clear where a plaintiff under the statute (CL 1948, § 617.66 [Stat Ann § 27.915]) calls the opposite party for cross-examination, the plaintiff is not bound by such testimony where there is other evidence which directly disputes it.

In the consideration of defendant's testimony, the trial court may not select isolated portions thereof and claim a force and effect for such portions of his testimony which the whole of his testimony does not warrant. The testimony of the opposite party as a witness must be treated as a whole. *In re Estate of Taylor,* 271 Mich 404; *Fleegar* v. *Consumers Power Co.,* 262 Mich 537. In the *Fleegar Case* the Court held that the testimony of the defendant when called under the statute (p 541) "must be weighed and considered the same as that of any other witness."

In *Cebulak* v. *Lewis,* 320 Mich 710 (5 ALR2d 186), this Court said (p 724):

"The statutory presumption now under consideration in the instant case can be overcome only by evidence that is clear, positive, and credible. (Citing cases.) This would seem to cast upon the defendants here the burden of producing clear, positive, and credible proof to overcome the presumption."

Was such "clear, positive, and credible evidence" shown in the instant case so that the trial court was

justified in removing the statutory presumption from the jury as a matter of law?

Defendant argues that this "clear, positive, and credible evidence" was the fact that the defendant was in the habit of having his automobile checked frequently for such things as oil and brake changes and adjustments; further, that he had the brakes repaired the previous October or November and the brake fluid was checked when he put gasoline in the car. The work done in October or November consisted of the brakes being relined and checked by brake specialists. The date of the accident was June 25, 1958.

The evidence reveals the testimony that defendant did not mention brake failure at the time of the accident. Defendant made out a report in his own handwriting as to how the accident happened, which is in evidence as exhibit 16. The exhibit said nothing of brake failure; and, on the contrary, said "the brake did grab." Defendant's testimony was that after the accident he drove the supposedly brakeless automobile from the scene of the accident to Center Line, Michigan, over 20 miles away. Defendant himself with reference to these facts testified, "It's hard to believe but I did it." No mention was made to police officers, plaintiff, or anyone else, with reference to brake failure until the case had been at issue for almost 1-1/2 years.

This is not the kind of "direct, positive, and credible rebutting evidence" which can form the basis for pronouncing the death sentence for the statutory presumption, particularly since there was in the instant case contradictory evidence offered by the plaintiff (exhibit 16) which disputed defendant's testimony.

Therefore, we conclude the trial judge was confronted by a situation in which the proofs were

merely circumstantial and of such a nature as to raise a serious question as to their credibility.

Applying the "favorable view" doctrine as we are required, we hold the trial court erred in directing a verdict for defendant for the reason that "clear, positive, and credible" evidence was not introduced to rebut the statutory presumption, and that testimony regarding brake failure was contradicted by other proofs and was of such nature as to raise a serious question as to its credibility.

The order directing a verdict for defendant is reversed and set aside and the case is remanded to the lower court for a new trial. Plaintiff shall have costs.

CARR, C. J., and DETHMERS, KELLY, BLACK, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred with KAVANAGH, J.

BLACK, J. (*concurring*). I concur with Justice KAVANAGH, yet with present writing am not satisfied that we are being entirely fair with the trial judge. The judge applied 1 of 2 lines of contradictory decisions handed down with respect to the unamended act of 1909 (CL 1948, § 617.66 [Stat Ann § 27.915]),[*] saying that the plaintiff "chose" to make defendant "his own witness under the statute", and that he was "bound" accordingly as certain of said decisions have erroneously affirmed. Some explanation is due; hence the following submission.

There is no need to repeat now what 4 of us said of the cited statute in *Monaghan* v. *Pavsner,* 347 Mich 511, 518, 527–530. That is all of record. Nevertheless, our failure since then—to definitely resolve the question—has led some judges, as Judge

[*] PA 1909, No 307, consisted of a single section which was re-enacted as section 66 of chapter 17, PA 1915, No 314. PA 1909, No 307, has not been specifically repealed.—REPORTER.

Noe here, to assume that the errant rule still applies and that the concluding phrase of the statute does not mean what it says. There is no other explanation for the judge's action, he having said that the fact alone, of utilization by plaintiff of the statute, lifted the burden of overcoming the statutory presumption of negligence from defendant's shoulders and warranted a directed verdict of not guilty. See quotation, in Mr. Justice KAVANAGH's opinion, of Judge Noe's reason for upholding defendant's testimony as a matter of law.

It is time to say with the assurance of firmness that one party by calling the opposite party under the statute does not make such opposite party his witness and that he is "bound" by the testimony of such called·party to no greater extent than if the same testimony had been given by the called party as a part of his own case. Have we not, on frequent or infrequent occasion, forgotten or overlooked the very purpose as well as the plain wording of this statute? It concludes, and has concluded for a half century, by saying that "the party so calling and examining such witness shall not be bound to accept such answers as true."

The sound rule to which we should return was announced by the Court when its members were "there," as the saying goes, referring to the time when the statute was debated and adopted. It is simply this: "Defendant's testimony so developed stood in no different position in the case than it would had it been called out by cross-examination after he had taken the stand in his own behalf." The quotation is from the 1916 case of *Aphoresmenos* v. *McIntosh,* 189 Mich 680, 683, 684. That case was expressly followed, by the exact language quoted, in *Waller* v. *Sloan,* 225 Mich 600, 604, 605, and *City of Detroit* v. *Porath,* 271 Mich 42, 76. In

the last cited case the Court said, unanimously (p 75):

"Testimony elicited upon cross-examination of the opposite party, or his agents, stands in no different position than it would if the adversary of the party calling the witness had called him himself. The act makes the agents and servants of a party subject to cross-examination by the opposite party without qualification. The statute does not give the right to make such witnesses the witnesses of the adversary of the party calling them. *Jones* v. *Pere Marquette R. Co.,* 168 Mich 1. Except as the statute provides the party calling such witnesses shall not be bound by, and may contradict, their testimony, no other right is conferred by the statute. *Johnson* v. *Union Carbide Co.,* 169 Mich 651."

Tested by this obvious horse sense of our occasionally ignored legal fathers, defendant's credible or incredible testimony (that the brakes of his car failed without fault attributable to him) made an issue for determination in the jury room; not the courtroom. Plaintiffs were no more "bound" by such testimony than if defendant had given it exclusively after plaintiffs had rested their case.

I concur in reversal for new trial.

KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred with BLACK, J.