RIVER ROUGE SAVINGS BANK v. FISHER.

1. REFORMATION OF INSTRUMENTS—WARRANTY DEED—ASSUMPTION OF OUTSTANDING MORTGAGE—EVIDENCE.

Circumstantial evidence, presented in proceeding by executors of estate of deceased grantor to reform lay-drawn warranty deed of property grantor had deeded to defendant nephew and wife subject to mortgage grantor had executed after having sold premises to such nephew and his wife so as to include a recitation that the grantees assumed the mortgage *held*, sufficient to compel the granting of relief to the executors notwithstanding the contrary direct testimony of the nephew when called for cross-examination under the statute, it appearing the grantor was in serious financial difficulties at time of the execution of the deed and a note to the nephew for the difference between the amount unpaid on their land contract and the unpaid amount of the mortgage (CL 1948, § 617.66).

2. SAME—BURDEN OF PROOF.

The burden of proof to show right to relief of reformation of an instrument is upon the party seeking reformation.

3. SAME — WARRANTY DEED — ASSUMPTION OF MORTGAGE — CIRCUMSTANTIAL EVIDENCE.

The direct evidence of a grantee in a warranty deed of property, reciting it was given subject to an outstanding mortgage, who seeks to avoid reformation whereby it was sought to impose the recitation that he had assumed and agreed to pay such mortgage need not be accepted in the face of strong circumstantial evidence to the contrary.

Appeal from Wayne; Brown (Ernest W.), J., presiding. Submitted February 4, 1964. (Calendar No. 27, Docket No. 49,803.) Decided April 6, 1964.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3]  45 Am Jur, Reformation of Instruments §§ 39, 117.
[2]  45 Am Jur, Reformation of Instruments § 112.

Bill by River Rouge Savings Bank, a Michigan banking corporation, against Eugene J. Fisher and William E. Williams, coexecutors of the estate of Alfred J. Blanke, deceased, and against Martin C. Riehl and Myrtle M. Riehl, for foreclosure of a mortgage. Cross bill by defendants Riehl to declare; mortgage void as to them and to have it set aside as a cloud on their title. Cross bill by defendant co-executors for reformation of deed to provide for assumption of mortgage by defendants Riehl. De-cree for plaintiff and for cross-plaintiff coexecutors granting reformation of deed and foreclosure of mortgage. Defendants and cross-plaintiffs Riehl appeal. Affirmed.

*Kenneth J. Logan,* for plaintiff.

*Eugene J. Fisher,* for defendants and cross-plain-tiffs Eugene J. Fisher and William E. Williams, coexecutors.

*Joslyn, Joslyn & Dean,* for surviving cross-defendant Martin C. Riehl.

ADAMS, J. The question presented on this appeal is whether the trial judge was in error in granting reformation of a deed because of circumstantial evidence found to be so compelling as to overcome the direct evidence as to what took place between the grantee and the deceased grantor at the time the deed was delivered.

In 1925, Riehl and his wife took up residence in a 2-family flat owned by Alfred J. Blanke. The Riehls continued as tenants until 1951. Riehl was a nephew of Blanke and there was a close family relationship between them. On January 30, 1951, Blanke contracted to sell the property to the Riehls for $12,000 with a $4,000 down payment and monthly

payments of $40 with 3% interest. The Riehls took over the collection of rent from the upstairs apartment, improved the property, and treated it as their own.

In 1952, Blanke mortgaged the property for $8,074.56 and in 1957 he refinanced it with plaintiff for $8,500. In September, 1958, for the first time the Riehls learned there was a mortgage against the premises. They visited Blanke who admitted its existence, broke down, cried, and stated he had financial problems.

A few evenings later, on September 25, 1958, the Riehls again visited Blanke at his request. Blanke's financial difficulties were further discussed. There was talk of his needing $40,000, possibly $46,000. During the evening:

(a) Blanke, grantor, wrote on the land contract, on the payment record, "Discharged 9/25/58 A. J. Blanke." The principal balance due on the contract was $5,906.17.

(b) Blanke, grantor, delivered to the Riehls a warranty deed to the premises. The deed warranted "that they are free from all encumbrances whatever except mortgage to River Rouge Savings Bank, River Rouge Michigan, in present principal amount of $7,470 and that he will, and his heirs, executors, and administrators shall warrant and defend the same against all lawful claims whatsoever". This was followed by 4 blank lines and the usual "in witness whereof" conclusion of a deed. The deed did not contain an assumption of the mortgage by the Riehls. It was on a standard form and was not prepared by an attorney.

(c) Blanke delivered to Riehl a promissory note for $1,563.83. This amount equalled the difference between the balance due by the Riehls on the land contract and the balance owed by Blanke to plaintiff on the mortgage.

(d) Blanke instructed Martin C. Riehl to advise plaintiff bank of the transaction.

Riehl showed the deed to the bank before recording it.  Blanke died unexpectedly on October 2, 1958.

On January 30, 1959, a statement and proof of claim was filed in the Blanke estate by Riehl, in which he made claim against the estate on the promissory note for $1,563.83.

On July 2, 1959, plaintiff bank filed its bill of complaint against the executors of the Blanke estate and the Riehls to foreclose the mortgage.  The executors cross-claimed for reformation of the deed and assumption of the mortgage by the Riehls.  The Riehls cross-claimed seeking to have the mortgage declared null and void as to them.

At the trial, Riehl, on cross-examination, testified that it was the intention of his uncle to make a gift of the property to him.  Blanke's will provided that the premises were to be given to his nephew Riehl, and Riehl's wife, free and clear of all encumbrances. Was this evidence of Blanke's intention to make a gift negatived by other evidence as to what was intended by the parties on September 25, 1958?

The trial judge ruled that it was, finding it to have been the intention of the parties that the Riehls should assume the balance due on the mortgage in return for the deed and the promissory note.  The result to the Riehls would have been virtually the same as if they had finished making their payments on the contract, and at the same time Blanke would have been relieved of his financial obligation to the plaintiff bank.

While evidently Blanke was desirous that his nephew and his nephew's wife should receive the property, it clearly appears that on September 25, 1958, he was intent upon protecting his nephew from the consequences of his, Blanke's, act in mortgaging the property.  If the intention of the parties

had been that Blanke would continue to be responsible for the mortgage, his actions would have amounted to a $5,906 gift of the principal amount due on the land contract plus an additional gift of $1,563.83 at a time when he was in financial distress and in need of at least $40,000, possibly more. The trial court concluded, as does this Court, that such a construction of the events would be a ridiculous one, that the true intent of the parties is ascertainable from their acts and that, due to their mistake of fact, the deed failed to recite an assumption of the mortgage by the grantees. The contemporaneous events are more compelling than the testimony of Riehl, the grantee, who would obtain a windfall by a contrary interpretation of all of the evidence.

It is true that the burden of proof is upon one seeking reformation of a written instrument. But the direct testimony of a grantee seeking to avoid reformation need not be accepted in the face of strong circumstantial evidence to the contrary. See *Petrosky* v. *Dziurman*, 367 Mich 539, in which case the direct evidence of the defendant, elicited by cross-examination under the statute (CL 1948, § 617.66 [Stat Ann § 27.915]), as to the failure of brakes was held not to have sufficiently overcome contrary circumstantial evidence so as to eliminate a jury question.

The trial court did not err. Decree affirmed, with costs to plaintiff-appellee and cross-plaintiff-appellees Eugene J. Fisher and William E. Williams, co-executors of the estate of Alfred J. Blanke, deceased.

Kavanagh, C. J., and Dethmers, Kelly, Black, Souris, Smith, and O'Hara, JJ., concurred.