WINEKOFF v. NEISNER'S AUTOMOTIVE SUPPLY, INC.

1. AUTOMOBILES—REAR-END COLLISIONS—STATUTORY PRESUMPTION of NEGLIGENCE.

The statutory presumption of negligence arising from a rear-end collision applies to the last car in a three-car chain collision, in an action by the driver of the first car in the chain (CLS 1961, § 257.402).

2. SAME—REAR-END COLLISION—STATUTORY PRESUMPTION OF NEGLIGENCE—EVIDENCE.

The statutory presumption that the last vehicle in a three-car chain collision was negligent does not disappear merely because the driver of the third vehicle gives testimony inconsistent with the presumption, nor are plaintiffs whose driver was in the first vehicle of the chain "bound by" the testimony of the driver of the third vehicle when they call him for cross-examination (CLS 1961, § 257.402).

3. TRIAL—EVIDENCE—IMPEACHMENT OF WITNESSES.

Impeachment of a witness by showing prior inconsistent statements is not a matter of law for the court, but an evidentiary question of what may properly be laid before a jury to assist it in judging the credibility of witnesses.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 773, 775, 777.
Driver's failure to maintain proper distance from motor vehicle ahead, 85 ALR2d 613.
[3] 58 Am Jur, Witnesses §§ 675, 767, 775, 776, 781.
[4] 5 Am Jur 2d, Appeal and Error § 623.
[5] 53 Am Jur, Trial § 458.
[6] 53 Am Jur, Trial §§ 19, 74, 76, 88.

4. Appeal and Error—Requests to Charge.

Claim of error by trial court in rejection of counsel's proffered written request to charge is groundless where the record shows that no written requests were ever filed or tendered to the court, and nothing was said by counsel about instructions to the jury until after jury had begun its deliberations.

5. Trial—Orderly Conduct—Responsibility.

Responsibility for keeping a trial within the bounds of relevancy and evidentiary rules is not that of the court alone, but depends also on counsel addressing proper objections to the court.

6. Same—Conduct of Trial—Decorum.

Sharp comments by trial judge to defendant's counsel *held*, not to suggest to the jury any partiality or prejudice on the part of the court and were warranted where counsel argued with other counsel and the witnesses, made statements of fact, and asked counter questions and addressed complaints to no one in particular.

Appeal from Common Pleas Court of Detroit, Kent (George D.), J. Submitted Division 1 February 9, 1968 at Detroit. (Docket Nos. 3,423, 3,424.) Decided June 25, 1968.

Declaration by Ruth Anne Winekoff against Neisner's Automotive Supply, Inc., a Michigan corporation, Lee Gordon Elliot, its driver, and Joyce Utykanski and John Utykanski for damages resulting from an automobile accident. Similar action arising out of the same accident by Thomas E. Winekoff against the same defendants. Cross-complaint by defendants Neisner's Automotive Supply, Inc., and Lee Gordon Elliot against defendants Utykanski for indemnification as joint tort-feasors. Verdict and judgment for Winekoffs against defendants Neisner's and Elliot, and verdict and judgment of no cause of action in favor of defendants Utykanski on declaration and cross-complaint. Defendants Neisner's and Elliot appeal. Affirmed.

*Lemberg & Gage,* for plaintiffs.

*George Belitsos* (*Edward P. Echlin,* of counsel), for defendants Neisner's and Elliot.

*Costello & Barkey,* for defendants Utykanski.

Peterson, J.  Three vehicles, proceeding in the same direction, were involved in collisions as the first slowed to stop for a traffic light.  Mrs. Winckoff, driving the first car, her husband's, was hit from the rear by Mrs. Utykanski, who was struck from the rear by a truck owned by Neisner's Automotive Supply, driven by its employee, Elliot.  Mrs. Winekoff, who is conceded to be blameless, and her husband, brought actions for their damages against the owners and operators of both of the other vehicles.  Neisner's, in turn, filed a cross-complaint against the Utykanskis.  The cases were jointly tried, and the jury returned verdicts against Neisner's and Elliot, with no cause of action being found against the Utykanskis as to plaintiffs' actions and the same verdict as to the cross-complaint.

The proofs framed a liability determination dependent on the sequence of the collisions, *i.e.,* either that Neisner's driver, Elliot, hit Mrs. Utykanski first and drove her into the Winekoff car, or that Elliot was free of fault causally related to Winekoffs and was only secondarily involved in a collision with Mrs. Utykanski after she had already hit the Winekoff car.  Mrs. Winekoff testified that she knew nothing about what happened behind her other than that she was struck from the rear.  Mrs. Utykanski testified that she was struck from behind by the Neisner's truck and pushed into plaintiff's car.  Elliot, called for cross-examination by plaintiff, denied this and claimed that he struck Mrs. Utykanski only after

she had first hit the plaintiff. It appears that after the accident, Mrs. Utykanski was taken to a hospital where she told a police officer that she did not know the sequence of collisions.

Appellants contend that the statutory presumption of negligence arising from rear-end collisions* was inapplicable and that the trial judge should have directed a verdict of no cause of action in their favor. We find no merit in the claim that the statute only applies to the overtaking and overtaken vehicles and that Mrs. Winekoff could thus have no benefit from the presumption against appellants since she was hit by a vehicle other than that of appellants. The statute neither so limits the presumption of negligence nor attempts to limit the usual rule as to proximate cause of damage suffered therefrom. Neither can it be said that the presumption disappeared when testimony inconsistent with the presumption was given by Elliot, or because plaintiffs were "bound by" Elliot's testimony when they called him for cross-examination. Both theories were laid to rest in *Petrosky* v. *Dziurman* (1962), 367 Mich 539. Appellant's principal argument is that the statutory presumption does not arise because Elliot's testimony that Mrs. Utykanski hit plaintiff first is the only competent evidence as to the sequence of collisions. In this proposition, Mrs. Utykanski's testimony that Elliot struck her first could not be considered because of her out-of-court statement to the police officer that she did not know the sequence of collisions. The argument misunderstands the meaning of impeachment, which is not a matter of law for the court, but an evidentiary question of what may properly be laid before a jury to assist it in judging the credibility of witnesses. The trial judge properly left this to the jury.

* Act 300, PA 1949, § 402. (CLS 1961, § 257.402; Stat Ann 1960 Rev § 9.2102).

Counsel is something less than candid in claiming error in rejection of "counsel's proffered written request to charge". The record discloses that no written requests were ever filed or tendered to the court, and nothing was heard from counsel regarding instructions until after the jury had begun deliberations.

Neither are we impressed that appellants suffered prejudicial treatment at the hands of the trial judge. Counsel ought to be reminded that the responsibility for keeping the trial within the bounds of relevancy and evidentiary rules is not that of the court alone. It is a rather substantial aid to the trial judge when counsel, unhappy with a question or response, can express an objection which raises a legally pertinent question. Defensive response of counsel to the examination of witnesses is limited to the framing of such objections, which are properly addressed only to the court. Arguments with counsel or the witness, statements of fact, counter questions or complaints addressed to no one in particular are a breach of decorum which a trial judge ought not to be expected to endure. The record herein discloses more departure from acceptable practice than should be tolerated, and if the trial judge was occasionally sharp with appellants' counsel, the comments were warranted and were not exclusively directed to one side. We find nothing that could have suggested to the jury any partiality or prejudice on the part of the court.

Other claims of error are without merit. Affirmed, with costs to appellee.

BURNS, P. J., and HOLBROOK, J., concurred.