SZYMBORSKI *v.* SLATINA

OPINION OF THE COURT

1. AUTOMOBILES—REAR-END COLLISION—PRESUMPTION OF NEGLIGENCE
—STATUTES—EVIDENCE—JURY QUESTION—INSTRUCTIONS.
  Trial court did not err, in a rear-end collision case, in refusing
  to instruct that the *jury* could find the statutory presumption
  of negligence was rebutted only upon clear, positive and cred-
  ible evidence because, if the evidence is less than clear, positive
  and credible, the question of whether such presumption has
  been overcome should' be settled on proper instruction in the
  jury room (MCLA § 257.402).

2. AUTOMOBILES—SUDDEN EMERGENCY—AFFIRMATIVE DEFENSE—EVI-
DENCE—INSTRUCTIONS.
  The doctrine of sudden emergency is a logical extension of the
  reasonably prudent person rule and as such is not an affirm-
  ative defense; hence, it was not incumbent upon the defendant,
  in an automobile collision case, to establish by a preponderance
  of the evidence that an emergency existed nor was it error for
  the judge to refuse to so charge.

CONCURRING OPINION
T. G. KAVANAGH and WILLIAMS, JJ.

See headnotes 1 and 2.

Appeal from Court of Appeals, Division 1, Dan-
hof, P. J., and V. J. Brennan and J. J. Kelley, JJ.,
affirming Wayne, Horace W. Gilmore, J.  Submitted
June 23, 1971.  (No. 22 June Term 1971, Docket No.
53,058.)  Decided December 21, 1971.

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 1018–1036.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 359, 360,
1030.

26 Mich App 538 affirmed.

Complaint by Rosella and Joseph Szymborski against Phillip J. Slatina and Main Sand & Gravel Company for damages for injuries sustained in an automobile accident. Verdict and judgment for defendants. Plaintiffs appealed to the Court of Appeals. Affirmed. Plaintiffs appeal. Affirmed.

*Sanford N. Lakin,* for plaintiffs.

*Sugar, Schwartz, Silver, Schwartz & Tyler,* for defendants.

T. E. BRENNAN, J. This rear-end collision case resulted in a jury verdict of no cause for action.

Motion for new trial was made alleging that the verdict was against the great weight of the evidence; that the court erred in its charge to the jury by failing to instruct them that the statutory presumption of negligence arising from a rear-end collision could only be overcome by clear, positive and credible evidence, and by failing to instruct the jury that the defendant had the burden of proof upon the question of "sudden emergency."

The motion for new trial was denied and the Court of Appeals affirmed.

We agree. The Court of Appeals correctly disposed of the two issues as follows:

On the statutory presumption*:

"Where, however, we are dealing with the rear-end presumption, it appears that the standard urged by the plaintiff is pertinent only to the issue of whether the presumption has been rebutted as a matter of law. *Petrosky* v. *Dziurman* (1962), 367 Mich 539, 547. This standard is one for the judge.

---

* MCLA § 257.402 (Stat Ann 1968 Rev § 9.2102).—REPORTER.

If the evidence is less than clear, positive and credible, 'the question whether such presumption has been overcome should be settled—on proper instruction of course—in the jury room.' *Petrosky v. Dziurman, supra,* 544, 545, citing *Garrigan v. LaSalle Coca-Cola Bottling Co.* (1961), 362 Mich 262. The trial court did not err in refusing to instruct that the *jury* could find that the presumption was rebutted only upon clear, positive and credible evidence."

On sudden emergency:

" 'The doctrine of sudden emergency is a "logical extension of the 'reasonably prudent person' rule," and as such *is not an affirmative defense. Baker* v. *Alt* (1965), 374 Mich 492, 496. As it was said in *Baker,* at p 496, the "test to be applied is what that hypothetical, reasonably prudent person would have done under all the circumstances of the accident, whatever they were." ' (Emphasis supplied.) Since the 'sudden emergency' rule is not an affirmative defense, it was not incumbent upon the defendant to establish by a preponderance of the evidence that an emergency existed nor was it error for the judge to refuse to so charge.' "

Affirmed. Costs to appellees.

ADAMS, T. G. KAVANAGH, SWAINSON and WILLIAMS, JJ., concurred with T. E. BRENNAN, J.

T. M. KAVANAGH, C. J., and BLACK, J., concurred in the result.

WILLIAMS, J. *(concurring).* I concur with my Brother T. E. BRENNAN and believe the Court of Appeals should be affirmed. However, I think it would be useful for the bench and bar to have the

pertinent part of the charges given by the trial
court on record. The pertinent part is as follows:

"Now, I will read that statute again. The statute
says in any action in any court in this state, when it
is shown by competent evidence that a vehicle travel-
ing in a certain direction overtook and struck the
rear end of another vehicle proceeding in the same
direction or lawfully standing on the highway, the
driver or operator of such first mentioned vehicle
shall be deemed prima facie guilty of negligence.

"Therefore, if you find that the defendant violated
this statute before or at the time of the occurrence,
then the law presumes that he was negligent. How-
ever, if you find that the defendant was confronted
with a sudden emergency, not of his own making,
and if you find that he used ordinary care and was
still unable to avoid the occurrence because of such
emergency, then this presumption of negligence is
overcome.

"In deciding whether the presumption is over-
come, you must weigh the presumption with all the
evidence of claim of sudden emergency. If, after
so weighing, you are unable to decide that the pre-
sumption has been overcome, then you must find
that the defendant was negligent. If you find that
the defendant was negligent, you must then decide
whether such negligence was a proximate cause of
the accident.

"So, the law on negligence, basically, failure to
act as a reasonably prudent person under the cir-
cumstances at the time of the accident.

"In addition to that, we have, as I state, a statute
that says whenever a vehicle is struck from the rear
there is a prima facie evidence of the negligence on
the part of the driver of the vehicle that strikes
the other vehicle in the rear.

"And there is also law, as I pointed out to you,
that says that if the defendant was confronted with
a sudden emergency not of his own making, and he
used ordinary care and was still unable to avoid

the occurrence because of the emergency, then the presumption is overcome.

"Then, finally, in deciding whether the presumption of negligence is overcome, you must weigh the presumption with all the evidence of claim of sudden emergency. And, if, after so weighing, you are unable to decide that the presumption has been overcome, then you must find that the defendant is negligent."

T. G. KAVANAGH, J. concurred with WILLIAMS, J.