LINK *v* McCOY

1. AUTOMOBILES—POINT OF IMPACT—EXPERT TESTIMONY.

An expert may render an opinion concerning the point of impact of an automobile accident based upon debris and skid marks (GCR 1963, 605).

2. WITNESSES—EXPERT WITNESSES—QUALIFICATIONS.

The determination of the qualifications of an expert is entrusted to the discretion of the trial judge; an appellate court will interfere only to correct abuse.

3. AUTOMOBILES—WITNESSES—EXPERT TESTIMONY—POINT OF IMPACT—QUALIFICATIONS.

Excluding from evidence the testimony of investigating police officers concerning the point of impact of an automobile accident on the grounds that the officers were not qualified as experts and that their testimony would constitute inadmissible opinions of lay witnesses was not an abuse of discretion where the record does not clearly establish that the officers were so schooled and experienced that their measure of skill and special knowledge decidedly transcends the capabilities of an average juror.

4. AUTOMOBILES—EVIDENCE—TRAFFIC TICKET—CURATIVE INSTRUCTION.

Allowing the defendant in an automobile negligence case to testify that he was not issued a traffic ticket for the accident was not reversible error where the prejudice to the plaintiff caused by that testimony was cured by instruction to the jury that the testimony was to be wholly disregarded by them on the issue of negligence.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3]  8 Am Jur 2d, Automobiles and Highway Traffic §§ 988, 989.
[2]  31 Am Jur 2d, Expert and Opinion Evidence § 26 *et seq.*
[4]  8 Am Jur 2d, Automobiles and Highway Traffic § 1008.
[5]  8 Am Jur 2d, Automobiles and Highway Traffic § 943.

5. Automobiles—Witnesses—Driving Record—Admissibility.

Instruction to the jury in an automobile negligence case that they should wholly disregard evidence of the defendant's past driving record, brought out in cross-examination, was reversible error, because a court has no discretion to exclude cross-examination of a defendant concerning his past driving record since such cross-examination is proper to test the credibility of the witness's testimony with regard to the central fact issue in the case.

Appeal from Cass, David Anderson, Jr., J. Submitted Division 3 February 1, 1972, at Grand Rapids. (Docket No. 9102.) Decided March 21, 1972.

Complaint by Helen A. Link, administratrix of the estate of Grant W. Link, against Kenneth C. McCoy for damages from an automobile accident. Judgment for defendant. Plaintiff appeals. Reversed and remanded for a new trial.

*Bayliff, Harrigan, Cord & Maugans* and *Herbert Phillipson, Jr.,* for plaintiff.

*James, Dark & Craig,* for defendant.

Before: Fitzgerald, P. J., and R. B. Burns and Holbrook, JJ.

Holbrook, J. This case arises as the result of a head-on collision on M–152 in Cass County. The accident occurred near the center line of the two-lane highway.

Plaintiff is the administratrix of the estate of her deceased husband. Defendant and plaintiff's decedent were alone and other than the defendant there were no eyewitnesses. Each party claims that the other driver was over the center line and therefore guilty of negligence in causing the accident. Contributory negligence on the part of plaintiff's hus-

band was pleaded as an affirmative defense. Jury verdict was for defendant. Plaintiff appeals alleging the trial court committed reversible error.

One of the critical issues in the trial was the point of impact. The two investigating officers, Paul Parrish and James E. Snow, both testified concerning their background and experience. They gave testimony of the location of debris, skid marks, gouges, anti-freeze, distances, and other matters which were observed. Defense counsel objected to any reference by these officers to the point of impact. The court sustained the objections and refused to allow the officers to testify concerning the point of impact.

The court, over plaintiff's objection, allowed defendant to testify that he was not arrested, convicted, or ticketed in connection with the accident.

On appeal, the following issues are raised:

1. Did the trial court err when it sustained defendant's objection to the testimony of police officers concerning the point of impact?

2. Was it error to allow the defendant to testify that he was not arrested or convicted in connection with the accident?

3. Was it error to instruct the jury to disregard the prior traffic convictions of the defendant?

### I.

It is clearly established in Michigan that an expert may render an opinion concerning the point of impact based upon debris and skid marks. *Dudek v Popp,* 373 Mich 300 (1964); *LaFave v Kroger Co,* 5 Mich App 446 (1966); *Motorists Mutual Insurance Co v Howard,* 21 Mich App 146, 148 (1970).

The determination of the qualifications of an expert is entrusted to the discretion of the trial judge and we interfere only to correct abuse. *Accetola v*

*Hood,* 7 Mich App 83 (1967); *Anderson* v *Lippes,* 18 Mich App 281, 285 (1969); *Cusumano* v *The Stroh Brewery Co,* 26 Mich App 549 (1970).

The trial court ruled that officers Snow and Parrish were not qualified as experts and their testimony concerning the point of impact would be conclusions of witnesses and was properly excluded.

Generally, reviewing courts do not question the propriety of the trial court's discretionary ruling as to whether the proferred witness qualifies as an expert if the finding is reasonable.

Unless it can be established that the testifying officers are so schooled and experienced that their measure of skill and special knowledge decidedly transcends the capabilities of an average juror, who has been made fully aware of the physical facts, their point of impact opinions should not be received.

In our opinion, the record does not clearly establish that these officers were so qualified. We cannot say that the exercise of the trial court's discretion was clearly erroneous.

## II.

To allow the defendant to testify regarding the nonissuance of a traffic ticket was error. *Ilins* v *Burns,* 35 Mich App 353 (1971).

Of special significance to this issue is the court's following instruction:

"There has been evidence received in this case as to the driving record of the defendant, and of the fact that no summons was issued to the defendant arising out of this accident. I instruct you that you are to disregard all of this testimony. None of this evidence is to be considered by you in determining whether or not the defendant was negligent or free from negligence in this case.

"You must determine this question solely on the basis of what the evidence shows occurred at the time and immediately prior to the collision of the two cars."

As in the *Ilins* decision, we are of the opinion that any prejudice which may have resulted from defense counsel's questions was properly taken care of by this instruction. *Moffatt* v *Helmer*, 345 Mich 153, 158 (1956).

### III.

The trial judge permitted the cross-examination by plaintiff's counsel of defendant as to his past driving record, which disclosed several traffic convictions. The trial judge gave the foregoing instruction mentioned in issue II, which was proper as far as it went; however, plaintiff's counsel made objections to the instructions and the trial judge answered the objections as follows:

*"Mr. Bayliff:* Your Honor, the plaintiff objects to that instruction of the court which informed the jury that they should disregard the conviction of the defendant on the basis that this is an erroneous statement of the law, in that the jury is entitled to consider those convictions with respect to the credibility of the defendant.

*"The Court:* The testimony of prior convictions —a felony is admissible clearly as bearing upon the credibility of the witnesses. The testimony of traffic violations is admissible only in the discretion of the court as bearing upon the credibility, and in the opinion of the court, that record testified to here would have and should have no significant bearing on the weight or credit to be given to the testimony.

"Consequently the instruction was given."

In the recent case of *Sting* v *Davis*, 384 Mich 608, 614 (1971), it is stated:

"We conclude that under GCR 1963, 607, as presently adopted by this Court, a trial judge has no discretion to exclude cross-examination with regard to the driving history of a plaintiff-driver or of a defendant-driver, such cross-examination being proper to test the credibility of the witness' testimony with regard to the central fact issue in the case."

Also see, *Taylor* v *Walter,* 385 Mich 599 (1971).

It was reversible error for the trial judge not to modify his instructions and permit the jury to consider the defendant's driving record in testing his credibility.

In fairness to the trial judge, we point out that at the time of trial, it was considered within the discretion of the trial judge whether on cross-examination of a plaintiff or defendant, his or her driving record was admissible. *Zimmerman* v *Goldberg,* 277 Mich 134 (1936).

Reversed and remanded for new trial. Costs to plaintiff.

All concurred.