BAUMANN v POTTS

Docket No. 30006. Submitted June 15, 1977, at Lansing.—Decided
   April 3, 1978.

   Lee R. Baumann and Jeanne E. Baumann brought a negligence
      action against Donald C. Potts seeking damages for injuries
      sustained when their automobile was struck from the rear by
      an automobile driven by the defendant. Defendant asserted the
      defense of sudden emergency due to brake failure in his vehi-
      cle. Plaintiffs moved for a directed verdict which was denied.
      The jury later returned a verdict of no cause of action. Plain-
      tiffs moved for a new trial claiming that the verdict was
      against the great weight of the evidence and contending that
      the trial court erred in allowing the sudden emergency defense
      to be offered to excuse violation of the statute requiring auto-
      mobiles to be equipped and maintained with adequate braking
      systems. Plaintiffs also argued that if the sudden emergency
      doctrine was applicable in a brake failure situation, then the
      defense should be limited to those instances where the defend-
      ant has presented clear and convincing evidence corroborating
      the claim. The Saginaw County Circuit Court, Eugene S. Huff,
      J., denied the motion. Plaintiffs appeal. *Held:*

      1. Proof of violation of a penal statute, like the brake equip-
      ment statute, creates a prima facie presumption of negligence
      which may then be rebutted by the alleged wrongdoer with
      evidence showing an adequate or legally sufficient excuse for
      his actions under the facts and circumstances of the case. A
      legally sufficient excuse is a determination to be made by the
      finder of fact by applying the reasonable, prudent person test.

      2. The court also found that the tests adopted by the state
      appellate courts to determine whether a presumption of negli-
      gence arising from violation of a penal statute had been rebut-
      ted as a matter of law were not applicable to determine the
      issue of whether the facts submitted in rebuttal of the pre-

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur 2d, Negligence §§ 242–244, 246.
[2, 3, 4] 57 Am Jur 2d, Negligence §§ 249–251.
[5, 7, 8] 57 Am Jur 2d, Negligence § 90 *et seq.*
[6] 7 Am Jur 2d, Automobiles and Highway Traffic § 151.

sumption in a particular case should be submitted for jury determination of the establishment of a legal excuse as a matter of fact.

3. It was also held that the sudden emergency doctrine was not an affirmative defense and that the party asserting it did not have the burden of proof of establishing by a preponderance of the evidence that an emergency existed.

Affirmed.

Judge D. R. FREEMAN concurred, but emphasized that although a defendant asserting the sudden emergency doctrine was not required to prove the claim by a preponderance of the evidence, he still must meet the burden of presenting *some* evidence on the claim. Judge FREEMAN also would hold that the circumstances to be considered in applying the reasonable, prudent person test should not be restricted solely to the events of the accident but should include relevant evidence of prior circumstances as well.

OPINION OF THE COURT

1. NEGLIGENCE—CRIMINAL LAW—PRESUMPTIONS—REBUTTAL—STATUTES—PENAL STATUTES.

A violation of a penal statute creates a prima facie case of civil negligence, a presumption which can be rebutted by the alleged wrongdoer by coming forward with evidence showing an adequate or legally sufficient excuse under the facts and circumstances of the case.

2. NEGLIGENCE—PRESUMPTIONS—CRIMES—REBUTTAL—JURY—STATUTES—PENAL STATUTES.

The establishment of an adequate or legally sufficient excuse to rebut the presumption of civil negligence arising from the violation of a criminal statute is a determination to be made by the finder of fact on proper instruction.

3. NEGLIGENCE—PRESUMPTIONS—CRIMES—REBUTTAL—REASONABLE MAN TEST—STATUTES—PENAL STATUTES.

The test to be applied by the finder of fact to determine whether an adequate or legally sufficient excuse has been established by a defendant in a civil action for negligence to rebut the presumption of negligence arising from the violation of a criminal statute is whether a reasonable or prudent person would have acted similarly under all of the circumstances giving rise to the action.

4. NEGLIGENCE—PRESUMPTIONS—CRIMES—REBUTTAL—TESTS—MAT-
   TERS OF FACT—MATTERS OF LAW—STATUTES—PENAL STATUTES.

   The tests adopted by the Michigan Appellate Courts to determine
   whether the presumption of negligence arising from a violation
   of a penal statute has been rebutted by a defendant in a civil
   action as a matter of law do not control the issue of whether
   the facts in a particular case should be submitted for a jury
   determination.

5. NEGLIGENCE—SUDDEN EMERGENCY DOCTRINE—BURDEN OF PROOF—
   STANDARD OF PROOF.

   The sudden emergency doctrine is not an affirmative defense; it is
   not incumbent upon a defendant asserting sudden emergency
   in a civil action for negligence to establish by a preponderance
   of the evidence that an emergency existed, and, therefore, the
   defendant does not have the burden of proof as to such issue.

6. AUTOMOBILES—NEGLIGENCE—STATUTES—MISDEMEANOR—PENAL
   STATUTES.

   Violation of the statute requiring that motor vehicles be equipped
   and maintained with adequate braking systems constitutes a
   misdemeanor, thereby rendering the act a penal statute.

CONCURRENCE BY D. R. FREEMAN, J.

7. NEGLIGENCE—DEFENSES—SUDDEN EMERGENCY DOCTRINE—BURDEN
   OF PROOF—EVIDENCE.

   *It is necessary that a defendant raising the defense of sudden
   emergency in an action for negligence present some evidence
   on the issue; once the issue has been raised by the defendant
   with some supporting evidence, however, the burden of persua-
   sion by a preponderance of the evidence is upon the plaintiff.*

8. NEGLIGENCE—DEFENSES—SUDDEN EMERGENCY DOCTRINE—CIRCUM-
   STANCES.

   *The test to determine whether the sudden emergency doctrine
   may be claimed by a defendant in an action for negligence
   following an automobile accident is whether the defendant
   acted in a manner in which a reasonable, prudent person would
   have acted under all of the circumstances of the case; the
   circumstances to be considered should not be restricted solely
   to the events of the accident, but should include circumstances
   prior to the accident which could be significant to the outcome.*

*Moore, Barr & Kerwin,* for plaintiffs.

*Smith & Brooker, P. C.,* for defendant.

Before: D. E. HOLBROOK, JR., P. J., and ALLEN and D. R. FREEMAN,* JJ.

D. E. HOLBROOK, JR., P. J. This rear-end collision case resulted in a jury verdict of no cause of action. During the course of trial plaintiffs moved for a directed verdict, which motion was denied. Subsequent to the jury verdict plaintiffs moved for a new trial, which motion was also denied, and plaintiffs appeal. The facts necessary to resolve this dispute will be hereafter set forth where necessary and applicable.

On appeal plaintiffs claim first, that the sudden emergency defense should not be extended to excuse violation of the brake equipment statute, MCLA 257.705; MSA 9.2405; second, that, if we do allow the sudden emergency defense to be available in brake failure cases, we should limit same to such situations where the defendant has presented clear and convincing evidence corroborating his claim; and, third, that the verdict of the jury was contrary to the great weight of the evidence. In answering appellant's contentions, although not necessarily *seriatim,* we find ourselves compelled to turn to three Michigan cases.

In *Zeni v Anderson,* 397 Mich 117; 243 NW2d 270 (1976), the Supreme Court, speaking through Mr. Justice WILLIAMS, at 129 and 130 stated:

"In a growing number of states, the rule concerning the proper role of a penal statute in a civil action for damages is that *violation of the statute* which has been found to apply to a particular set of facts *establishes* only a *prima facie case of negligence, a presumption which may be rebutted by a showing* on the part of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

party violating the statute *of an adequate excuse* under
the facts and circumstances of the case. The excuses
may not necessarily be applicable in a criminal action,
since, in the absence of legislatively-mandated civil
penalties, acceptance of the criminal statute itself as a
standard of care in a civil action is purely discretionary.
See Comment and Illustrations, 2 Restatement Torts,
2d, § 288A, pp 33–37.

"Michigan cases have in effect followed this rule."
(Emphasis supplied.)

At 143 Justice WILLIAMS continued:

"We have seen, therefore, that while some of our
Michigan cases seem to present negligence per se as an
unqualified rule, the fact of the matter is that there are
a number of qualifications which make application of
this rule not really a per se approach at all. Not only
must the statutory purpose doctrine and the require-
ment of proximate cause be satisfied, but *the alleged
wrongdoer has an opportunity to come forward with
evidence rebutting the presumption of negligence.*

"An accurate statement of our law is that *when a
court adopts a penal statute as the standard of care in
an action for negligence, violation of that statute estab-
lishes a prima facie case of negligence, with the deter-
mination to be made by the finder of fact whether the
party accused of violating the statute has established a
legally sufficient excuse.* If the finder of fact determines
such an excuse exists, the appropriate standard of care
then becomes that established by the common law.
Such excuses shall include, but shall not be limited to,
those suggested by the Restatement Torts, 2d, § 228A,
and shall be determined by the circumstances of each
case." (Emphasis supplied.)

In *Szymborski v Slatina,* 386 Mich 339; 192
NW2d 213 (1971), which was also a rear-end colli-
sion case, plaintiff claimed, among other things,
that the trial court erred in its charge to the jury
by failing to instruct them that the statutory

presumption of negligence arising from a rear-end collision could only be overcome by clear, positive and credible evidence and further by failing to instruct the jury that the defendant had the burden of proof upon the question of "sudden emergency". In resolving these claims of error the Court stated at 340 and 341:

"On the statutory presumption:

" 'Where, however, we are dealing with the rear-end presumption, it appears that *the standard urged by the plaintiff is pertinent only to the issue of whether the presumption has been rebutted as a matter of law. Petrosky v Dziurman* (1962), 367 Mich 539, 547. This standard is one for the judge. *If the evidence is less than clear, positive and credible,* "the question whether such presumption has been overcome *should be settled* —on proper instruction of course—*in the jury room." Petrosky v Dziurman, supra,* 544, 545, citing *Garrigan v LaSalle Coca-Cola Bottling Co.* (1961), 362 Mich 262. The trial court did not err in refusing to instruct that the *jury* could find that the presumption was rebutted only upon clear, positive and credible evidence.'

"On sudden emergency:

" ' "*The doctrine of sudden emergency* is a 'logical extension of the "reasonably prudent person" rule,' and as such *is not an affirmative defense. Baker v Alt* (1965), 374 Mich 492, 496. As it was said in *Baker,* at p 496, *the 'test to be applied is what that hypothetical, reasonably prudent person would have done under all the circumstances of the accident,* whatever they were.' " (Emphasis supplied.) Since the *"sudden emergency"* rule *is not an affirmative defense,* it was *not incumbent upon the defendant to establish by a preponderance of the evidence that an emergency existed nor was it error for the judge to refuse to so charge.' "* (Emphasis supplied.)

In *Lucas v Carson,* 38 Mich App 552, 557; 196 NW2d 819 (1972), then Judge, now Justice, FITZGERALD, speaking for the Court, in addressing the

issue of what evidence is necessary to rebut the presumption of negligence arising from violation of a penal statute wrote as follows:

"The general rule appears to be that evidence required to rebut this presumption *as a matter of law* should be positive, unequivocal, strong, and credible. *Krisher v Duff,* 331 Mich 699 (1951); *Petrosky v Dziurman,* 367 Mich 539 (1962). In the case at bar, defendant driver contended that she was at all times driving in a reasonable and prudent manner.

"Although the issue presented here is a close one, the trial court was correct in its decision that there was sufficient evidence on the issue of reasonable care to present a factual consideration for the jury and to preclude a directed verdict for plaintiff as a matter of law. Although the statutory presumption of negligence was certainly not rebutted by defendants' evidence as a matter of law, the trial court decided that there was sufficient evidence at least to generate a jury question regarding rebutting of the presumption."

The foregoing standard was cited and adopted by the Supreme Court in *Zeni v Anderson, supra* at 133, 134, 135.

From the above cited cases we conclude that (1) a violation of a penal statute creates a prima facie case of negligence, a presumption which can be rebutted by affording the alleged wrongdoer an opportunity to come forward with evidence showing an adequate or legally sufficient excuse under the facts and circumstances of the case; (2) whether the party accused of violating the statute has established an adequate or legally sufficient excuse is a determination to be made by the finder of fact on proper instruction; (3) the test to be applied by the finder of fact is what a reasonable prudent person would have done under all the circumstances of the accident; (4) the clear, posi-

tive and credible test set forth in *Szymborski, supra,* the positive, unequivocal, strong and credible test adopted by *Lucas, supra,* and, as previously stated, approved of by the Supreme Court in *Zeni v Anderson, supra* at 133, 134, 135, and the clear and convincing test urged upon us by the plaintiffs in the instant case apply only to the question of whether the presumption of negligence for violation of a penal statute has been rebutted as a matter of law and do not control the issue of whether the facts in a particular case should be submitted for jury determination; (5) the "sudden emergency" doctrine is not an affirmative defense; and, (6) it is not incumbent upon the defendant to establish by a preponderance of the evidence that an emergency existed and therefore as to such issue defendant does not have the burden of proof.

Plaintiffs' contention that the sudden emergency defense should not be extended to excuse violation of the brake equipment statute is without merit. When the brake equipment statute is read in conjunction with the defective equipment statute, MCLA 257.683; MSA 9.2383, it is apparent that violation of the brake equipment statute constitutes a misdemeanor thereby rendering same a penal statute. As such, a prima facie case of negligence is established subject to rebuttal by the wrongdoer coming forward with evidence showing an adequate or legally sufficient excuse. *Zeni v Anderson, supra.*

Plaintiffs' second allegation, that if we extend the sudden emergency defense to excuse a violation of the brake equipment statute we should limit same to such situations where the defendant has presented clear and convincing evidence corroborating his claim, is equally without merit. From the above cited cases we have already con-

cluded that the clear, positive and credible test set forth in *Szymborski, supra,* the positive, unequivocal, strong and credible test adopted by *Lucas, supra,* and *Zeni, supra,* and the clear and convincing test urged upon us by plaintiffs, in the instant case, applies only to whether the presumption of negligence for violation of a penal statute has been rebutted as a matter of law and does not control the issue of whether the facts in a particular case should be submitted for jury determination. If the evidence is less than clear, positive and credible the question of whether the presumption has been overcome should be settled on proper instruction— in the jury room. *Szymborski, supra,* and *Lucas, supra.* There the question to be decided is whether the alleged wrongdoer has come forward with evidence showing an adequate or legally sufficient excuse under the facts and circumstances of the case with the test to be applied, by the finder of fact, to be what a reasonable, prudent person would have done under all the circumstances of the accident. *Zeni, supra,* and *Szymborski, supra.*

With respect to plaintiffs' final assertion of error, that the verdict of the jury was contrary to the great weight of the evidence, we turn to the above cited authority together with the facts as testified to by the defendant and investigating officer.

During the month of June of 1971 defendant was operating his 1965 Ford Galaxie in the City of Saginaw on the Holland Street Bridge at a speed of 20 to 25 miles per hour. As he reached the crest of the bridge and commenced his descent he noticed flashing lights which indicated that a train was approaching. He also noticed traffic stopped for the train. Knowing he would have to stop he applied his foot to the brake pedal. The pedal went

straight to the floor. To avoid an accident defendant testified that he turned off his engine and attempted to apply his parking brake but to no avail. As a result he rear-ended the plaintiffs' car which was stopped for the train. Defendant further testified he had never previously experienced any difficulty with his brakes and in fact that his brakes had worked three to four blocks earlier when he had experienced no previous brake line leaks or any indication of a soft pedal. He further testified that following the accident there was brake fluid on the highway, which testimony was contradicted by the investigating officer.

The investigating officer testified that he checked the brakes and that they did in fact go straight to the floor. Also he failed to observe any skid marks on the pavement. He further testified that he checked the master cylinder and wheel cylinders and that said systems had no brake fluid so as to enable same to function properly. He also testified that the braking system was not working properly to stop the vehicle.

Considering the foregoing evidence we hold there to have been sufficient evidence to go to the jury on the theory of sudden emergency and that the trial court properly denied plaintiffs' motion for a directed verdict. Certainly the evidence in the instant case is equal to if not stronger than the testimony of the defendant in *Lucas v Carson, supra,* where defendant testified she was at all times driving in a reasonable and prudent manner.

As in *Lucas* the issue presented here is a close one. While the statutory presumption of negligence was certainly not rebutted by defendant's evidence as a matter of law, the trial court correctly decided that there was sufficient evidence at

least to generate a jury question regarding rebutting of the presumption of defendant's negligence.

Contrary to the law the trial judge instructed the jury that the defendant had the burden of proof of his claim that he was confronted with a sudden emergency not of his own making and that he was not negligent in the occurence of the accident. In explaining what is meant by "burden of proof" the court instructed the jury that the evidence must satisfy them that the proposition on which a party has the burden of proof has been established by a preponderance of the evidence. By so instructing the jury the trial judge placed on the defendant a higher degree of proof than required by the above cited cases. Hence, while the instruction was error the error inured to the plaintiffs' benefit since the instructions given by the court not only are more than the law requires but are also more stringent than the test plaintiffs seek us to adopt.

Affirmed. Costs to appellee.

ALLEN, J., concurred.

D. R. FREEMAN, J. *(concurring)*. It is necessary that a defendant raising a sudden emergency doctrine meet the burden of presenting evidence. Although the trial court's instruction on a preponderance of the evidence burden was improper, this Court's holdings should not be read to indicate that no proofs are necessary. Placing the burden of producing evidence on the defendant certainly does not detract from the efficacy of the doctrine. Of course, the burden of persuasion by a preponderance of the evidence does not shift from the plaintiff.

The third conclusion reached by the majority finds the test to apply is a reasonable, prudent

person test under "all the circumstances of the accident". The circumstances to be considered should not be restricted solely to the events of the accident. For example, evidence of prior difficulties with brakes (as was adduced in the instant case) may be significant.