MOERMAN v KALAMAZOO COUNTY ROAD COMMISSION

Docket No. 58635. Submitted June 28, 1983, at Grand Rapids.—Decided October 11, 1983.

Yolanda Moerman, administratrix of the estate of Ronald G. Moerman, deceased, brought an action in the Kalamazoo Circuit Court against the Kalamazoo County Road Commission. Plaintiff's decedent was killed when his car left the paved portion of a highway under defendant's jurisdiction, ran through a ditch, and struck a tree near the shoulder of the road. There was evidence that decedent had been drinking. At the close of plaintiff's proofs, the trial court denied defendant's motion for a directed verdict. The action went to the jury on the theories of negligence and intentional nuisance. The jury found no negligence on the part of defendant, 100% negligence on the part of decedent, intentional nuisance which was not a proximate cause of the accident, and no damages. The court, John E. Fitzgerald, J., granted judgment on the jury verdict

REFERENCES FOR POINTS IN HEADNOTES

[1, 9] 57 Am Jur 2d, Negligence § 138.
[2] 75 Am Jur 2d, Trial §§ 628, 920.
[3] 57 Am Jur 2d, Negligence § 8.
   75 Am Jur 2d, Trial § 608.
[4] 39 Am Jur 2d, Highways, Streets, and Bridges § 372.
[5] 29 Am Jur 2d, Evidence § 830.
   Necessity and sufficiency of proof that tests of blood alcohol concentration were conducted in conformance with prescribed methods. 96 ALR3d 745.
   Proof of identity of person or thing where object, specimen, or part is taken from a human body, as basis for admission of testimony or report of expert or officer based on such object, specimen, or part. 21 ALR2d 1216.
[6] 31 Am Jur 2d, Expert and Opinion Evidence §§ 36-38.
[7] 31 Am Jur 2d, Expert and Opinion Evidence §§ 26, 27.
   Qualification as expert to testify as to findings or results of scientific test to determine alcoholic content of blood. 77 ALR2d 971.
[8] 31 Am Jur 2d, Expert and Opinion Evidence § 3.
[9] Am Jur 2d, New Topic Service, Comparative Negligence § 56.
[9, 10] 75 Am Jur 2d, Trial §§ 919-921.
[10] 5 Am Jur 2d, Appeal and Error § 894.

and denied plaintiff's motion for a new trial. Plaintiff appealed and defendant cross-appealed. *Held:*

1. The court erred in occasionally referring to *the,* as opposed to *a,* proximate cause during his instructions. It is presumed when conflicting instructions which are unexplained are given to a jury that the jury may have followed the erroneous instructions. The error requires reversal.

2. Proof of violation of a statute providing civil liability for breaches of the duties imposed establishes negligence conclusively. An instruction to the jury that such proof constituted a prima facie showing of negligence is error requiring reversal.

3. The state and county road commissions have a duty to maintain the improved portion of the highways under their jurisdiction designed for vehicular traffic in reasonable repair and in condition reasonably safe and fit for travel. This statutory duty extends to the maintenance of conditions that affect the safety of motorists using the improved portion of the highway designed for vehicular travel. The trial court must determine if the tree which plaintiff's decedent struck was situated such that it gave rise to a duty of defendant with regard to it.

4. Evidence of an analysis of plaintiff's decedent's blood was properly admitted. A blood sample analysis may be admitted into evidence where it is shown (1) that the blood was timely taken (2) from a particular identified body (3) by an authorized licensed physician, medical technologist, or registered nurse designated by a licensed physician, (4) that the instruments used were sterile, (5) that the blood taken was properly preserved or kept, (6) and labeled, and (7) if transported or sent, the method and procedures used therein, (8) the method and procedures used in conducting the test, and (9) the identity of the person or persons under whose supervision the tests were conducted.

5. Evidence of a witness's opinion as to the effect of the alcohol level or content in decedent's blood was properly admitted. The witness was qualified as an expert by virtue of having read two books by recognized authorities in the field.

6. The court erred in excluding the opinion of an expert as to whether the condition of the shoulder of the highway affected a vehicle as it traversed the shoulder. It is an abuse of discretion to exclude the opinion testimony of a witness who is so schooled and experienced in the field under inquiry that his measure of skill and special knowledge decidedly transcends the capabili-

ties of the average juror and who has been made fully aware of the facts.

7. Defendant was not entitled to a directed verdict on the ground that its duty with regard to the shoulder of the road extended only to persons using the shoulder for one of its intended purposes. Why the plaintiff's decedent was on the shoulder is not relevant to defendant's duty to properly maintain the roadway for the benefit of decedent.

8. While defendant argued that plaintiff's allegations are moot because the jury awarded no damages, defendant offered no authority for the position.

Reversed and remanded.

D. F. WALSH, P.J., dissented. He would hold that a trial court's occasional reference to *the,* rather than *a,* proximate cause in its jury instructions does not constitute reversible error where the jury was thoroughly instructed concerning comparative negligence, and was thus fully aware of the possibility of more than one proximate cause, and where the jury did not indicate a need for clarification on the point. He would hold that a jury verdict should not be disturbed because of an erroneous instruction or any other error or omission of the trial court unless failure to do so would be inconsistent with substantial justice. He found that none of the errors cited by the majority were inconsistent with substantial justice and would affirm.

OPINION OF THE COURT

1. NEGLIGENCE — PROXIMATE CAUSE — JURY INSTRUCTIONS.

The correct instruction to a jury in an action for negligence is that the negligence must be "a proximate cause" of the injury rather than "the proximate cause".

2. TRIAL — JURY INSTRUCTIONS — CONFLICTING INSTRUCTIONS.

It is presumed when conflicting instructions which are unexplained are given to a jury that the jury may have followed the erroneous instructions.

3. NEGLIGENCE — EVIDENCE — VIOLATION OF STATUTES — JURY INSTRUCTIONS.

Proof of violation of a statute providing civil liability for breaches of the duties imposed establishes negligence conclusively; an instruction to the jury that such proof constituted a prima facie showing of negligence is error requiring reversal.

4. HIGHWAYS — MAINTENANCE OF HIGHWAYS.

The state and county road commissions have a duty to maintain the improved portion of the highways under their jurisdiction designed for vehicular traffic in reasonable repair and in condition reasonably safe and fit for travel; this statutory duty extends to the maintenance of conditions that affect the safety of motorists using the improved portion of the highway designed for vehicular travel (MCL 691.1402; MSA 3.996[102]).

5. EVIDENCE — BLOOD SAMPLE ANALYSIS.

A blood sample analysis may be admitted into evidence where it is shown (1) that the blood was timely taken (2) from a particular identified body (3) by an authorized licensed physician, medical technologist, or registered nurse designated by a licensed physician, (4) that the instruments used were sterile, (5) that the blood taken was properly preserved or kept, (6) and labeled, and (7) if transported or sent, the method and procedures used therein, (8) the method and procedures used in conducting the test, and (9) the identity of the person or persons under whose supervision the tests were conducted.

6. EVIDENCE — WITNESSES — ROUTINE.

A witness who testifies that he always follows a particular procedure may, on that basis, testify that he did so in the case at hand, even though he has no independent recollection of following the procedure in the case at hand.

7. WITNESSES — EXPERT WITNESSES — RULES OF EVIDENCE.

A witness may be qualified as an expert on the basis of knowledge, skill, experience, training, or education; a witness may acquire the requisite knowledge of a subject by studying the recognized authorities in the field (MRE 702).

8. WITNESSES — EXPERT WITNESSES.

It is an abuse of discretion to exclude the opinion testimony of a witness who is so schooled and experienced in the field under inquiry that his measure of skill and special knowledge decidedly transcends the capabilities of the average juror and who has been made fully aware of the facts.

DISSENT BY D. F. WALSH, P.J.

9. NEGLIGENCE — PROXIMATE CAUSE — JURY INSTRUCTIONS.

A trial court's occasional reference to *the,* rather than *a,* proximate cause in its jury instructions does not constitute reversible error where the jury was thoroughly instructed concerning comparative negligence, and was thus fully aware of the possi-

bility of more than one proximate cause, and where the jury did not indicate a need for clarification on the point.

10. Appeal — Jury Instructions — Court Rules.

*Jury instructions are to be read as a whole, and a jury verdict should not be disturbed because of an erroneous instruction or any other error or omission of the trial court unless failure to do so would be inconsistent with substantial justice (GCR 1963, 529.1).*

*Sloan, Benefiel & Farrer* (by *Gary C. Newton),* for plaintiff.

*Lilly & Domeny, P.C.* (by *Jeffrey E. Gwillim),* for defendant.

Before: D. F. Walsh, P.J., and R. M. Maher and T. Roumell,* JJ.

Per Curiam. Plaintiff appeals from the trial court's order denying her motion for new trial.

On May 28, 1978, plaintiff's decedent was killed when his car left the paved portion of the highway, ran through a ditch, and collided with a tree near the shoulder of the road. There was evidence that decedent had been drinking. The road was in defendant's jurisdiction. Plaintiff brought this action which came to trial before a jury. At the close of plaintiff's proofs, the trial court denied defendant's motion for directed verdict. The action went to the jury on the theories of negligence and intentional nuisance. The jury found no negligence on the part of defendant, 100% negligence on the part of decedent, intentional nuisance which was not a proximate cause of the accident, and no damages. Plaintiff's subsequent motion for new trial was denied.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff raises five claims of error on appeal. Defendant has also cross-appealed.

First, the plaintiff contends that the trial court improperly instructed the jury as to proximate cause. At one point, the court told the jury that it must determine whether the negligence of plaintiff's decedent was *"the* proximate cause" of the accident and that "what you have to do in all cases is to determine *the* proximate cause of the accident". (Emphasis supplied.) Yet, at other times the court instructed the jury that they must determine whether the negligence of the plaintiff and defendant, if any, is "a" proximate cause.

The plaintiff timely objected to the proximate cause instructions. See GCR 1963, 516.2. The correct instruction is "a proximate cause". *Kirby v Larson,* 400 Mich 585, 605; 256 NW2d 400 (1977) (opinion of WILLIAMS, J.). Moreover, where the trial court gives contradictory instructions, as in this case, we must reverse on the theory that the jury believed the erroneous instruction. *Kirby v Larson, supra,* p 607. Thus, the trial court committed reversible error.

Second, plaintiff argues that the trial court erred in instructing the jury that a violation of a particular statute by the defendant is a "prima facie" case of negligence. Plaintiff asserts that the trial court should have told the jury that a violation of a statute creates a "rebuttable presumption" of negligence. Plaintiff timely objected to the "prima facie" instruction.

In *Zeni v Anderson,* 397 Mich 117; 243 NW2d 270 (1976), the Supreme Court adopted the rule that the violation of a penal statute creates a "prima facie" case of negligence or, alternatively, a "presumption" of negligence which may be rebutted by a showing on the part of the party

violating the statute of an adequate excuse. The Court used both "prima facie" case and "rebuttable presumption" to label the rule it adopted. Plaintiff argues that there is a difference and that the Court *really* meant that violation of the statute gives rise to a rebuttable presumption.

*Zeni,* however, is inapposite. That case and the rule announced therein apply only to the violation of a *penal* statute. See *Zeni, supra,* p 143; *Baumann v Potts,* 82 Mich App 225, 229; 266 NW2d 766 (1978). In the present case, the plaintiff tried to prove that defendant violated MCL 691.1402; MSA 3.996(102) and MCL 224.21; MSA 9.121. The statutes provide in pertinent part:

> "Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency." MCL 691.1402; MSA 3.996(102).

> "* * * It is hereby made the duty of the counties to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel, all county roads, bridges and culverts that are within their jurisdiction and under their care and control and which are open to public travel. The provisions of law respecting the liability of townships, cities, villages and corporations for damages for injuries resulting from a failure in the performance of the same duty respecting roads under their control, shall apply to counties adopting such county road system." MCL 224.21; MSA 9.121.

The above are not penal statutes. They impose no criminal liability. Instead, they specifically impose civil liability for breach of the duties imposed

therein. Violation of these statutes, far from creating a prima facie case or rebuttable presumption of negligence, conclusively establish negligence. In order to violate the statutes the governmental unit must breach its duty to keep the roads in "reasonable repair". Such a breach would be negligence.

Because a violation of the statutes is negligence as such, the trial court erred in instructing the jury that if the defendant violated either statute it "was prima facie negligent". That instruction made it more difficult for plaintiff to establish defendant's negligence. Thus, the instruction prejudiced plaintiff and requires reversal.

Third, plaintiff maintains that the trial court erred in ruling that, as a matter of law, the defendant did not have a duty to remove the tree near the shoulder of the roadway, thus taking this issue away from the jury.

The liability of a governmental unit, including a county, for injuries upon the highway is purely statutory. *Goodrich v County of Kalamazoo,* 304 Mich 442, 445; 8 NW2d 130 (1943). The applicable statutes are MCL 691.1402; MSA 3.996(102), and MCL 224.21; MSA 9.121, set forth above. The former statute, however, imposes an important limitation on the liability of the state and the county road commission:

"The duty of the state and the county road commissions to repair and maintain highways, and the liability therefor, shall extend only to the improved portion of the highway designed for vehicular travel and shall not include sidewalks, crosswalks or any other installation outside of the improved portion of the highway designed for vehicular travel."

Thus, the duty of the state and county road commissions is "to keep the 'improved portion of the

highway designed for vehicular travel' in 'reasonable repair, and in condition reasonably safe and fit for travel' ". *Mullins v Wayne County,* 16 Mich App 365, 373, fn 3; 168 NW2d 246 (1969), *lv den* 382 Mich 791 (1969).

It is well settled that the statutory duty is not restricted to maintenance of the paved area of the road. Thus, this Court has held that the state has a duty to properly maintain a guardrail, *Hall v Dep't of State Highways,* 109 Mich App 592; 311 NW2d 813 (1981), *lv den* 413 Mich 942 (1982); *Van Liere v State Highway Dep't,* 59 Mich App 133; 229 NW2d 369 (1975); *Detroit Bank & Trust Co v Dep't of State Highways,* 55 Mich App 131; 222 NW2d 59 (1974), as well as the shoulder of the road, *Johnson v Michigan,* 32 Mich App 37; 188 NW2d 33 (1971), *lv den* 385 Mich 762 (1971). See, also, *Lynes v St Joseph County Road Comm,* 29 Mich App 51; 185 NW2d 111 (1979) (stop sign); *Miller v Oakland County Road Comm,* 43 Mich App 215; 204 NW2d 141 (1972) (tree by the side of road). The gist of these cases is that the statutory duty extends to the maintenance of conditions that affect the safety of motorists using the improved portion of the highway designed for vehicular travel.[1]

---

[1] For example, in *Lynes v St Joseph Road Comm, supra,* p 58, this Court said:

"In the instant case a stop sign had been placed by the proper authorities for the purpose of controlling the flow of traffic. The defendant had the duty, imposed by statute, to place and maintain the stop sign in a manner to make travel upon the highways reasonably safe."

The Court went on to reject the defendant's argument that its duty "to keep the highways safe and fit for travel [is] limited to the pavement itself and whatever equipment physically touches the pavement". 29 Mich App 59. The court concluded:

"Traffic signals which control the flow of traffic are an integral part of the improved portion of the highway. The presence or absence of such signals, as well as the conditions in which they are maintained, directly relates to the statutory duty imposed upon the defendant to

In the present case, we need to determine whether the tree affected the safety of motorists using the shoulder of the road. We are uncertain as to whether decedent's vehicle struck the tree while the vehicle was still completely on the shoulder or whether it collided with the tree only after one or more of its wheels had left the shoulder. If the tree was positioned such that the average vehicle could have struck the tree without any of the vehicle's wheels leaving the shoulder, the tree would affect the safety of motorists using the shoulder. Under such circumstances, the defendant's duty to keep the road reasonably safe would extend to the maintenance of the tree. The record, however, does not disclose whether those circumstances existed in this case. Consequently, we are unable to decide whether the defendant had a duty to maintain the tree. If, on retrial, the duty issue is brought before the court, the court shall decide the issue by determining whether the circumstances creating that duty exist.

Fourth, the plaintiff contends that the deposition of defendant's expert, Dr. Richard Stockmar, should not have been admitted into evidence. Stockmar opined that the blood alcohol level of plaintiff's decedent is "a reasonable explanation for erratic driving". Plaintiff argues that that testimony lacked a foundation.

In order to establish a foundation for the admissibility of a blood sample analysis, it must be shown:

"(1) that the blood was timely taken (2) from a particular identified body (3) by an authorized licensed physician, medical technologist, or registered nurse designated by a licensed physician, (4) that the instruments

maintain the highway in a condition safe and fit for travel." 29 Mich App 59.

used were sterile, (5) that the blood taken was properly preserved or kept, (6) and labeled, and (7) if transported or sent, the method and procedures used therein, (8) the method and procedures used in conducting the test, and (9) that the identity of the person or persons under whose supervision the tests were conducted be established." *Gard v Michigan Produce Haulers,* 20 Mich App 402, 407-408; 174 NW2d 73 (1969), *lv den* 383 Mich 777 (1970).

Plaintiff asserts that the fourth and fifth conditions were not met. As to the fourth requirement, the physician taking the sample testified that he took the blood sample from the heart in order to avoid contaminating the sample. The purpose of using sterile instruments is to prevent contamination of the blood samples. We find that the physician's testimony is sufficient to establish that the samples were taken without contaminating them. As to the fifth condition, plaintiff points out that Sergeant Stack testified that he could not remember whether the vial containing the blood of plaintiff's decedent contained a preservative. However, in *Mason v Lovins,* 24 Mich App 101, 110; 180 NW2d 73 (1970), this Court held that where "the witness testifies that he always follows a particular procedure, he may on that basis testify that he did so in the case at hand". David DeVries, who did the blood analysis, testified that a preservative was routinely placed in vials that were included in the kits used to take blood samples. Thus, the fifth condition was met.

Plaintiff also maintains that Dr. Stockmar was not qualified to testify as to the effect of alcohol on behavior. Generally, it is within the trial court's discretion to admit or exclude expert testimony and its decision will not be disturbed unless it is an abuse of discretion. *Groth v DeGrandchamp,* 71 Mich App 439, 443; 248 NW2d 576 (1976), *lv den*

400 Mich 808 (1977). In *Groth, supra,* the trial court did not allow the witness who had analyzed the alcohol content of the blood of plaintiff's decedent to testify as to the effect of such an alcohol level on intoxication. This Court affirmed on the ground that "the witness lacked the qualifications necessary to permit her to testify as an expert on the effect of a given blood alcohol content on an individual * * *". 71 Mich App 444. Stockmar received a Ph.D. in biochemistry but had no training in the effects of alcohol on an individual. His testimony was based solely on what he had read in two books. An expert witness must be qualified as an expert by "knowledge, skill, experience, training or education". MRE 702. Inasmuch as Stockmar had studied recognized authorities in the area, he may be considered to have enough "knowledge" of the effects of alcohol blood levels on behavior to be considered an expert in that subject. At least, we cannot say that, in considering him as such, the trial court abused its discretion.

Fifth, plaintiff claims that the trial court erred in sustaining defendant's objection to certain opinion testimony offered by plaintiff's expert, Sergeant Capman. Plaintiff's attorney asked Capman if, in his opinion, the condition of the shoulder affected a vehicle as it traversed the shoulder. The court sustained defense counsel's objection on the ground that Capman was not qualified to give such an opinion.

In *Link v McCoy,* 39 Mich App 120, 123; 197 NW2d 278 (1972), it was said:

"Unless it can be established that the testifying officers are so schooled and experienced that their measure of skill and special knowledge decidedly transcends the capabilities of an average juror, who has been made

fully aware of the physical facts, their point of impact opinions should not be received."

The record discloses that Capman had received considerable education in the area of traffic investigation and traffic safety. Specifically, he attended a course in accident reconstruction at Northwestern University, a similar course at Michigan State University and had been teaching accident-investigation courses at the local police academy. In addition, Capman had considerable experience in reconstructing accidents. Given his education and experience in accident reconstruction, Capman was clearly qualified to offer his opinion on how the shoulder of the road would have affected a vehicle traveling on it. The trial court abused its discretion in ruling otherwise.

On cross-appeal, defendant argues that the trial court erred in denying its motion for directed verdict. Defendant argues, first, that its duty extends only to persons using the shoulder for one of its intended purposes and that no evidence was received that decedent used the road for one of those purposes. But MCL 691.1402; MSA 3.996(102) does not place such a condition on the duty of a county road commission. Why decedent left the road may be relevant to decedent's negligence, but it is not relevant to defendant's duty to properly maintain the road for the benefit of decedent. Second, defendant argues that, because the jury awarded no damages, plaintiff's allegations of error are moot. Defendant has cited no authority for such a position and we must reject it.

Because of numerous reversible errors, the judgment below is reversed and a new trial is ordered.

Reversed and remanded. No costs, neither party having prevailed in full.

D. F. WALSH, P.J. *(dissenting).* Respectfully, I dissent.

The majority finds reversible error in the trial court's references to *"the* proximate cause".

In *Kirby v Larson,* 400 Mich 585, 600-607; 256 NW2d 400 (1977), the Supreme Court found that instructions concerning *the* proximate cause were erroneous. Reviewing the instructions as a whole to determine their adequacy, the Court found that, given the facts in *Kirby,* the error was reversible. Those facts included the crucial significance of the issue of proximate cause, the jury's repeated demonstrations of confusion concerning proximate cause, and the judge's repetition of the erroneous instructions in response to the jury's request for assistance.

In my judgment, the *Kirby* decision does not mandate reversal in the instant case. On the contrary, review of the instructions and the record in their entirety persuades me that no reversible error occurred in this regard in this case.

In contrast to *Kirby,* the instant case was submitted to the jury under the recently adopted rule of comparative negligence. The jury was thoroughly instructed concerning comparative negligence and was thus made fully aware of the possibility that there may be more than one proximate cause of the plaintiff's damages.[1]

In further significant contrast to *Kirby,* the

[1] The jury was instructed that:

"The plaintiff has the burden of proof on each of the following propositions:

"(a) That the plaintiff sustained damage;

"(b) That the defendant was negligent in violation of its statutory duty to maintain the roadway;

"(c) That the negligence of the defendant was a proximate cause of the plaintiff's injuries and damages.

"The defendant has the burden of proof on its claim that the plaintiff decedent was negligent in one or more of the ways claimed

instant record contains no indication of juror confusion. No need for clarification concerning proximate cause was indicated by the jury in this case, and the verdict form, which accurately reflects the appropriate inquiries, suggests the jurors' understanding of the elements of plaintiff's negligence claim.[2]

---

by the defendant, as it is stated to you in these instructions, and that such negligence was a proximate contributing cause of the damages to the plaintiff.

"If you find the defendant was not negligent or that the defendant's negligence was not a proper cause of plaintiff's injuries and plaintiff's damages, you will find for the defendant.

"If you find that the defendant was negligent and that defendant's negligence was a proximate cause of plaintiff's injury, then you should determine the total amount of plaintiff's damages.

"You must then determine whether plaintiff decedent was also negligent and whether plaintiff decedent's negligence was a proximate cause of his death.

"If you find that the decedent was not negligent or if decedent's negligence was not a proximate cause of his death, then you will render a verdict for plaintiff in the full amount for damages.

"If you find that each party was negligent and that the negligence of each party was a proximate cause of the plaintiff's injuries or damages, then you must determine the degree of such negligence expressed as a percentage attributable to the plaintiff.

"Negligence on the part of the plaintiff does not bar recovery by plaintiff against the defendant. However, the percentage of negligence attributable to the plaintiff will be used by the Court to reduce the amount of damages which you find to have been sustained by the plaintiff."

[2]          "VERDICT FORM

"We, the jury, make the following answers to the questions submitted by the court:

"*Question #1:* Was the defendant road commission negligent in that it did not maintain Red Arrow Highway reasonably safe and convenient for public travel?
"*Answer:*   No   (Yes or No)

"*Question #2:* Was the defendant road commission guilty of maintaining an intentional nuisance?
"*Answer:*   Yes   (Yes or No)

"If the answers are "No" to Questions #1 & #2, do not answer any further questions.

"*Question #3:* Was the defendant road commission's negligence a proximate cause of injury or damage to the plaintiff's decedent?
"*Answer:*   No   (Yes or No)

I find no reversible error in the trial court's occasional references to *the,* as opposed to *a,* proximate cause.

Second, the majority finds reversible error in the following instruction to the jury:

> "Now, we come down to the violation of statutes. If you find that the defendant, or anybody else for that matter, violated the statute before or at the time of the occurrence, then the defendant was prima facie negligent. However, you must then decide whether such negligence was a proximate cause of the occurrence and may be rebutted.
>
> "Now, it may be that you do not know what prima facie means. In Black's Law Dictionary, it defines it as follows: 'Evidence which suffices for the proof of a particular fact until contradicted or overcome by other evidence.' "

I agree with the majority that violation of MCL 691.1402; MSA 3.996(102), and MCL 224.21; MSA

"*Question #4:* Was the intentional nuisance a proximate cause of injuries or damages to plaintiff's decedent?
"*Answer:*   No   (Yes or No)

"*Question #5:* What is the total amount of plaintiff's damages?
"*Answer:*   $None

"What is that portion which is attributable to loss of companionship and society?
"*Answer:*   $None

"*Question #6:* Was the plaintiff's decedent Ronald Moerman negligent?
"*Answer:*   Yes   (Yes or No)   .

"*Question #7:* Was the plaintiff's negligence a proximate cause of the injury or damage to that plaintiff?
"*Answer:*   Yes   (Yes or No)

"If the answer is no, do not answer any further questions.
"*Question #8:* Using 100% as the total combined negligence of the parties which proximately caused the injury or damage to the plaintiff, what percentage of such negligence is attributable to the plaintiff, Ronald Moerman?
"*Answer:*   100%"

9.121, establishes negligence. But in this case I find no reversible error in the court's reference to "prima facie" negligence. I do not agree with the majority that the plaintiff's burden of proof was increased by reason of this instruction. The court's reference to "prima facie" negligence was made in connection with its initial consideration of the issue of proximate cause. As I read the instruction, the court was merely telling the jurors that plaintiff first had to establish defendant's breach of duty but that plaintiff could not recover unless she also established that defendant's conduct was a proximate cause of plaintiff's damages.[3] There was no mention of "prima facie" negligence when the court later read to the jury the statutes upon which plaintiff's negligence claim was based. As I read the instructions as a whole, I am persuaded that plaintiff suffered no prejudice and that the jurors were adequately instructed concerning the relevant legal principles. Finding no inconsistency with substantial justice, I would not disturb the jury verdict because of the challenged instruction. GCR 1963, 529.1.

Next, the majority addresses plaintiff's claim that the trial court erred "in ruling that, as a matter of law, the defendant did not have a duty to remove the tree near the shoulder of the roadway".

The challenged ruling was that plaintiff's expert witness would be able to testify concerning guardrails and the shoulder of the roadway ("the improved portion of the highway designed for vehicular travel", MCL 691.1402; MSA 3.996[102]) but

---

[3] The court repeated reference to "prima facie" negligence when, at a later point in the instructions, it read to the jurors the various traffic safety statutes relevant to the conduct of plaintiff's decedent. Again, the gist of the instruction was that plaintiff's decedent's conduct had to have proximately caused the accident.

would not be allowed to testify that it was defendant's duty to remove trees located "along the side of the highway". The court further ruled, however, that the witness would be allowed to "testify to his opinion as to the interpretation of the statute in relation to the highway".

In subsequent examination of the witness, plaintiff explored in depth the question of whether the tree with which plaintiff's decedent's car collided constituted an obstacle in front of which a guardrail should have been installed in the interest of motorist safety. Plaintiff's claim, as presented to the jurors by the court in final instructions, included an allegation of defendant's negligence in the presence of "a clump of trees located within the highway right-of-way only 10 feet from the pavement edge". There was no claim that plaintiff's decedent's car was completely on the shoulder, which had a maximum width of eight feet, when it collided with the tree.

In my judgment, the issue of whether the tree affected the safety of motorists using the shoulder of the road was adequately presented to the jury. I am not persuaded of reversible error in the court's ruling.

Finally, the majority finds reversible error in the court's exclusion of certian opinion testimony offered by plaintiff's expert, Sergeant Capman. Again, I find no reversible error. I am not persuaded that the testimony would have necessarily aided the jury. *Cook v City of Detroit,* 125 Mich App 724; 337 NW2d 277 (1983). Given the facts in this case, I do not perceive a denial of substantial justice in exclusion of this testimony. GCR 1963, 529.1.

I would affirm.