## MOERMAN v KALAMAZOO COUNTY ROAD COMMISSION (ON REHEARING)

Docket No. 58635. Submitted June 28, 1983, at Grand Rapids.—Decided December 28, 1984.

Plaintiff, Yolanda Moerman, administratrix of the estate of Ronald G. Moerman, deceased, brought an action in the Kalamazoo Circuit Court against defendant, Kalamazoo County Road Commission. Plaintiff's decedent was killed when his car left the paved portion of a highway under defendant's jurisdiction, ran through a ditch, and struck a tree near the shoulder of the road. There was evidence that the decedent had been drinking. The action went to the jury on the theories of negligence and intentional nuisance. The jury found no negligence on the part of defendant, 100% negligence on the part of the decedent, intentional nuisance which was not a proximate cause of the accident, and no damages. The trial court, John E. Fitzgerald, J., granted judgment on the jury verdict and denied plaintiff's motion for a new trial. Plaintiff appealed and defendant cross-appealed. The Court of Appeals held that numerous errors had denied plaintiff a fair trial and reversed the judgment of the trial court. 129 Mich App 584 (1983). D. F. Walsh, P.J., dissented from the Court's opinion. Defendant moved for rehearing, arguing that the Court of Appeals had misunderstood a factual question in the case (the position of the tree struck by the decedent's car in relation to the shoulder of the road) and that the Court of Appeals opinion had failed to address various arguments raised by defendant. Rehearing was granted. On rehearing, *held:*

The original opinion by the Court of Appeals was wrongly decided for the reasons expressed in Judge Walsh's dissent to that opinion.

The original ruling by the Court of Appeals in this action is reversed and the judgment of the trial court is affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 5 Am Jur 2d, Appeal and Error §§ 810, 813, 817, 894.

57 Am Jur 2d, Negligence § 138.

75 Am Jur 2d, Trial § 608.

Am Jur 2d New Topic Service, Comparative Negligence § 56.

1. NEGLIGENCE — PROXIMATE CAUSE — JURY INSTRUCTIONS.
> A trial court's occasional reference to *the,* rather than *a,* proximate cause in its jury instructions does not constitute reversible error where the jury was thoroughly instructed concerning comparative negligence, and was thus fully aware of the possibility of more than one proximate cause, and where the jury did not indicate a need for clarification on the point.

2. APPEAL — JURY INSTRUCTIONS — COURT RULES.
> Jury instructions are to be read as a whole, and a jury verdict should not be disturbed because of an erroneous instruction or any other error or omission of the trial court unless failure to do so would be inconsistent with substantial justice (GCR 1963, 529.1).

*Sloan, Benefiel, Farrer & Newton* (by *Gary C. Newton),* for plaintiff.

*Lilly, Domeny & Durant, P.C.* (by *Jeffrey E. Gwillim),* for defendant.

ON REHEARING

Before: D. F. WALSH, P.J., and R. M. MAHER and T. ROUMELL,* JJ.

PER CURIAM. In *Moerman v Kalamazoo County Road Comm,* 129 Mich App 584; 341 NW2d 829 (1983), we held that numerous errors had denied plaintiff a fair trial and we reversed the judgment of the trial court. Defendant moved for rehearing, arguing that this Court had misunderstood a factual question in the case (the position of the tree struck by the decedent's car in relation to the shoulder of the road) and that this Court's opinion had failed to address various arguments raised by defendant. After reconsideration, we conclude that our original opinion was wrongly decided for the reasons expressed in Judge WALSH's dissent to that opinion. 129 Mich App 597. We therefore reverse our original ruling and affirm the judgment of the trial court.

---

* Circuit judge, sitting on the Court of Appeals by assignment.