# STATE OF MICHIGAN

# COURT OF APPEALS

PAUL DEMOS,

        Plaintiff-Appellee,

v

SUBURBAN MOBILITY AUTHORITY FOR
REGIONAL TRANSPORTATION,

        Defendant-Appellant,

and

GREGORY ANTOINE COOK,

        Defendant.

UNPUBLISHED
July 20, 2017

No. 332532
Oakland Circuit Court
LC No. 2015-146851-NI

Before: MURPHY, P.J., and TALBOT, C.J., and O'CONNELL, J.

PER CURIAM.

Defendant Suburban Mobility Authority for Regional Transportation (SMART) appeals as of right the trial court's order denying its motion for summary disposition under MCR 2.116(C)(7) (governmental immunity) and MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

## I. FACTS

Gregory Cook struck plaintiff Paul Demos's vehicle when he was driving SMART's government-owned bus. SMART is a governmental agency that provides bus transportation for public use. Demos testified that he was driving in front of Cook, in the same lane, when he heard emergency vehicle sirens and saw a police vehicle with its lights on near an upcoming intersection. Demos testified that the light at the intersection was green, but he stopped his car. Cook then rear-ended Demos.

Demos and Cook offered differing testimony of the events leading up to the accident. A video camera on the bus recorded the events leading up to the accident and the accident itself.

Demos filed suit against SMART. Significantly, Demos sued SMART for negligence, arguing in part that SMART and Cook violated MCL 257.402, and negligent entrustment.

-1-

SMART moved for summary disposition, arguing that it was entitled to governmental immunity. Further, SMART argued that Demos could not establish the negligent operation of a motor vehicle exception to governmental immunity because the accident resulted from a sudden emergency. In response, Demos sought summary disposition pursuant to MCR 2.116(I)(2). Demos argued that there was no genuine issue of material fact that SMART was negligent because its violation of MCL 257.402 established a prima facie case of negligence and SMART could not establish a sudden emergency. The trial court denied both parties' motions for summary disposition.

## II. JURISDICTION

Demos argues that we lack jurisdiction to consider whether Cook or SMART acted negligently. We disagree.

We have "jurisdiction of an appeal of right" from a "final judgment or final order of the circuit court," see MCR 7.203(A)(1), which includes an order that denies "governmental immunity to a governmental party, including a governmental agency . . . under MCR 2.116(C)(7)," or denies "a motion for summary disposition under MCR 2.116(C)(10) based on a claim of governmental immunity," see MCR 7.202(6)(v). A trial court's decision is "an order denying governmental immunity" "whenever the effect is to deny a defendant's claim of immunity." *Seldon v Suburban Mobility Auth for Regional Transp*, 297 Mich App 427, 436; 824 NW2d 318 (2012) (quotations and citations omitted).

As discussed further below, SMART is immune from liability as a matter of law unless Demos suffered damages resulting from the negligent operation of a motor vehicle. See *id*. The trial court explained that it denied both parties' motions for summary disposition because Demos established a prima facie case of negligence pursuant to MCL 257.402, and the existence of a sudden emergency was "a matter for the jury to decide." Therefore, the trial court's order denying both parties' motions for summary disposition, in effect, denied SMART's claim of governmental immunity. Thus, we have jurisdiction to address the negligence issues SMART raises on appeal.

## III. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. See *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

A trial court may grant summary disposition pursuant to MCR 2.116(C)(7) because of "immunity granted by law." To determine whether summary disposition is appropriate, "a court considers all documentary evidence submitted by the parties, accepting as true the contents of the complaint unless affidavits or other appropriate documents specifically contradict them." *Blue Harvest, Inc v Dep't of Transp*, 288 Mich App 267, 271; 792 NW2d 798 (2010).

A motion for summary disposition pursuant to MCR 2.116(C)(10) tests the factual sufficiency of a complaint. *Maiden*, 461 Mich at 120. A "trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties . . . in the light most favorable to the party opposing the motion." *Id*. A trial court must grant the motion if it

finds "no genuine issue as to any material fact" and determines that "the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10).

## IV. GOVERNMENTAL IMMUNITY

SMART argues that the trial court erred in denying its motion for summary disposition because SMART had governmental immunity. We disagree.

The governmental tort liability act, MCL 691.1401, *et seq.*, provides that "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function," MCL 691.1407(1). However, the act provides exceptions. MCL 691.1407(1). For example, "[g]overnmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner." MCL 691.1405. A plaintiff may demonstrate negligent operation of a motor vehicle by showing that a defendant struck plaintiff in a rear-end collision pursuant to MCL 257.402(a), which states that the owner of a vehicle that "overtook and struck the rear end of another vehicle proceeding in the same direction, or lawfully standing upon any highway" "shall be deemed prima facie guilty of negligence."

A vehicle owner may rebut this presumption of negligence by showing that a collision "occurred as the result of a sudden emergency not of the defendants' own making." *Vander Laan v Miedema*, 385 Mich 226, 229-231; 188 NW2d 564 (1971). To be considered a sudden emergency, "the circumstances attending the accident must present a situation that is unusual or unsuspected." *Id*. at 232 (quotation marks and citation omitted). A situation is unusual if it "varies from the everyday traffic routine confronting the motorist," such as the occurrence of "a phenomenon of nature" like a blizzard. *Id*. A situation is unsuspected if "the potential peril had not been in clear view for any significant length of time, and was totally unexpected." *Id*.

A trial court can decide whether a sudden emergency has occurred as a matter of law if it finds that the evidence showing a sudden emergency was "clear, positive and credible." See *Szymborski v Slatina*, 386 Mich 339, 340-341; 192 NW2d 213 (1971) (quotations and citations omitted). Otherwise, the issue of the applicability of the sudden emergency doctrine becomes a question for the jury. See *id*.

In this case, the trial court correctly reasoned that Cook's rear-ending of Demos while driving SMART's vehicle established that SMART was "prima facie guilty of negligence," see MCL 257.402(a), and, therefore, that SMART may not be immune from liability, see MCL 691.1405. SMART provides no support for its claim that "the statutory presumption contained at MCL 257.402" is insufficient "to impose the burden and expenses of a trial on [SMART] notwithstanding its immunity granted by law."

Further, the trial court correctly determined that the existence of a sudden emergency was a question of fact for the jury. No evidence or cited authority supports a conclusion that stopped traffic for a police vehicle is an unusual situation that varies from the everyday traffic routine confronting Cook. See *Vander Laan*, 385 Mich at 232. However, when viewing the evidence in

the light most favorable to Demos, there is a genuine issue of material fact as to whether the situation was unsuspected. See *id.*; *Maiden*, 461 Mich at 120.

Demos testified that he heard emergency vehicle sirens 200 to 300 yards before getting to the green light, saw a police car with its emergency lights on when he was about 100 to 150 years from the light, saw cars in lanes on either side of him stopped at the light, and then came to a "measured and controlled" stop at the light. Cook testified that he did not hear any sirens, see emergency vehicle lights, or see a police car before the accident. He believed that traffic was flowing as he approached the intersection, but that Demos "just stopped" at the green light. The video shows vehicles in lanes to the right and left of the bus stop several seconds before the accident, recorded the sound of police sirens just before the accident, and showed the police car with activated lights just before the accident, suggesting that Cook may have been able to see the stopped traffic or perceive the presence of a police vehicle with enough time to anticipate having to stop. Therefore, there is no clear, positive, and credible, evidence that the situation was unsuspected, see *Szymborski*, 386 Mich at 340-341, the existence of a sudden emergency is a fact question for the jury, and the trial court did not err in denying SMART's motion for summary disposition.

## V. NEGLIGENT ENTRUSTMENT

SMART also claims that the trial court erred in failing to grant summary disposition for SMART on Demos's claim of negligent entrustment. We disagree.

"Generally, an issue must be raised, addressed, and decided in the trial court to be preserved for review." *Dell v Citizens Ins Co of America*, 312 Mich App 734, 751-752 n 40; 880 NW2d 280 (2015). When moving for summary disposition, SMART initially asked the trial court to dismiss Demos's complaint in its entirety. When replying to Demos's response to its motion, SMART specifically argued that the trial court should dismiss Demos's negligent entrustment claim because the claim did not arise out of the negligent operation of a motor vehicle and, therefore, governmental immunity applied. The trial court did not specifically address this argument. However, SMART should not be punished for the trial court's omission, see *id.*, and we may address an issue that the trial court did not decide "when the lower court record contains all the facts necessary to resolve [the] issue," see *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007).

A "party suing a unit of government must plead in avoidance of governmental immunity." *Mack v Detroit*, 467 Mich 186, 203; 649 NW2d 47 (2002). Here, Demos incorporated its pleading that SMART violated MCL 257.402 and that SMART's negligence caused his injury into his negligent entrustment claim. Demos further alleged that SMART "negligently entrusted [its] motor vehicle and the operation thereof to" Cook, who was "incompetent and unfit to drive a motor vehicle upon the highway of the State of Michigan by reason of inability, inexperience, and consistently negligent driving." Therefore, Demos sufficiently plead that SMART was liable for his injury resulting from the negligent operation of

-4-

a motor vehicle in order to avoid governmental immunity. See *id*.; MCL 691.1405.[1]   As discussed above, it is a jury question whether Cook negligently operated a motor vehicle.

We affirm.

/s/ William B. Murphy
/s/ Michael J. Talbot
/s/ Peter D. O'Connell

---

[1] SMART's reliance on *Regan v Washtenaw Co Bd of Co Rd Comm'rs (On Remand)*, 257 Mich App 39, 51 n 13; 667 NW2d 57 (2003), to reach the opposite conclusion is incorrect. The *Regan* Court noted in a footnote that the "plaintiffs' allegations of negligent conduct [that] are not directly associated with the driving of a motor vehicle, e.g., negligent entrustment . . . cannot survive." *Id*. But the dissent explained that the plaintiffs' claim of negligent entrustment alleged that the defendant negligently operated "the maintenance attachments to . . . vehicles," not that the defendant committed negligence "directly related to the operation of . . . vehicles as motor vehicles." *Id*. at 59 (WILDER, J., dissenting). Therefore, *Regan* is distinguishable.